HARRINGTON & KITTREDGE *vs.* JOSIAH GAGE et al.

Title passes on the delivery of a deed of land duly executed, and the same may be read in evidence if recorded before trial.

Such deed so recorded will be good to pass title against the grantor and his heirs and all others except subsequent *bona fide* purchasers, or attaching creditors without notice.

It is not necessary to notify the heirs and legatees before order of sale made by the probate court, pursuant to act of 1831.

It is necessary to have the proceedings and order of said court, in such case, recorded in the *town clerk's* office where the land lies.

This was an action of ejectment for certain land in Waterford. On trial it was conceded the defendants were in possession, by virtue of a deed from Jesse Tyler to Josiah Gage, dated June 2d, 1828. The plaintiffs claimed title by virtue of a deed from Silas Hibbard, administrator of the estate of said Tyler, insisting that said deed to Gage was fraudulent and void as to the creditors of said Tyler. Said deed from the administrator, was made by order of the probate court, pursuant to the second section of the act of 1831. The plaintiffs offered in evidence the proceedings of said probate court, and because it did not appear that the heirs and legatees of said Tyler had been notified to appear and give bonds for the payment of the debts, and further because said proceedings and order of the court had not been recorded in the town clerk's office of Waterford, the defendants objected. The objection was overruled and said proceedings admitted. The plaintiffs offered in evidence the said administrator's deed to them. To this the defendants objected, the same not having been recorded until after the commencement of this action; but the same was admitted by the court. It further appeared by the probate records that this land was included in the inventory of Tyler's estate, and the whole property in the inventory was *assigned* to the widow before this order of sale. Testimony was given to the jury in relation to said deed to Gage having been fraudulent and void, as to the creditors of said Tyler, among whom were the plaintiffs, and which creditors were wholly unpaid. The defendants requested the court to charge the jury that the plaintiffs were not entitled to recover, because said deed to them was not recorded before this action was commenced, nor the proceedings and order of the probate court, yet recorded in the town clerk's office, and because said land was assigned to said widow. The court declined so to charge,

but did charge them it was sufficient to entitle the plaintiff to recover, that the deed to them was recorded before the trial, if the jury found from the evidence that the deed from Tyler to Gage was fraudulent and void.

Verdict and judgment for the plaintiffs. Exceptions by defendants.

*Hibbard and Cushman for defendants.*—1. This land was assigned to the widow of Tyler, by decree of the probate court.

2. The heirs and legatees of Tyler should have been notified before order of sale.

3. The statute requiring the proceedings of the court to be recorded in the town clerk's office, is peremptory and like that of collectors' sales, not to be dispensed with.

4. The plaintiffs' deed must have been recorded before suit, —as they claim by strict legal right, their title must have been perfect before suit.

The plaintiffs must have good title as against the defendant, both at the commencement of his ejectment and on trial.—Adams on ejectment. p. 32.—*Tucker* vs. *Keeler*, 4 Vt. Rep. 164.

*Paddock and Fletcher for plaintiffs.*—The statute "regulating the conveyance of real estate, and for the preventing of frauds therein," so far as it provides for the deed being recorded, is to prevent fraud on subsequent purchasers, or attaching creditors without notice.

2. The deed is good against the grantor and vests the title on delivery, and the defendants, not being subsequent attaching creditors or purchasers, it vests as against them.—N. Chipman on conveyances, 159 to 163.—1 Swift's Dig. 129 to 131. —N. Chipman's Rep. 63, *Morriss* vs. *Gill.*—4 Kent Com. 446–448, note (b).—6 Mass. Rep, 29–31.—10 John. Rep. 457–461.

3. When a right of entry is created by law, the claimant is not bound to establish it by an exhibit of the deed.—Cro. Jac. 109.—Cro. Cha. 209.

The sale and record thereof, in the probate office constitute the transfer, and the deed may be regarded as an office copy or the evidence of the sale. The probate court having established the doings of the administrator, the conveyance is a

thing no longer *in pais,* but past and determined.—Dougl. 4, in note.

4. The deed in this case must be all that is required to be recorded in the town clerk's office by the 86th section of the probate act. It must be unnecessary to transcribe the probate records upon town books.

The opinion of the court was delivered by

COLLAMER, J.—In the case *Administrator of John Martin* vs. *Edward Martin,* (1 Vt. Rep. 91,) it was decided, that the administrator being the personal representative of the deceased, can maintain no suit but such as the deceased might have done, and therefore could maintain no action for the recovery of land which the deceased in his life time had conveyed to defraud his creditors. After that decision the act of 1831 was passed which provides, in substance, in the first section, that in such case, if it be necessary for the payment of debts, the administrator may, under the direction of the probate court, commence and sustain ejectment for land so conveyed. In the second section it is provided, if there be not other sufficient assetts for the payment of debts, the probate court may license and authorize the executor or administrator to sell so much of land so conveyed as is necessary for the payment of debts, and declares a sale and conveyance by such executor or administrator *made agreeably to the provisions* of the general probate law, " shall be good and valid as against such fraudulent conveyance, and shall vest in the purchaser the same title the testator or intestate would have had in case he had not conveyed."

It is by proceedings and sale under this second section the plaintiffs claim to recover. It appears the plaintiffs' deed was not recorded until after this action was commenced; are they on that account precluded from recovery ? Our statute of conveyances, (p. 167, sec. 5,) in substance provides that a deed signed, sealed, witnessed by two witnesses, acknowledged and recorded, shall be valid to pass the land, as against all persons, without any further ceremony in law ; but good only as against the grantor and his heirs unless acknowledged and recorded. The effect of this then is, that an acknowledged and recorded deed is legal testimony and cannot be rejected by the court. But the question is, when does the title pass ? Most undoubtedly on the delivery of the deed ? Under our statute

CALEDONIA,
March,
1834.

Harrington &
Kittredge
vs.
Gage et al.

the deed, not *livery of seizin*, constitutes the conveyance and like all other deeds, takes effect on delivery. It 'is *then* the title passes to the grantee ; for the statute expressly provides that it shall be effectual against the grantor without record ; therefore he is no longer owner.   The title having thus passed to the grantee will be holden by him against all persons, subject only to be avoided by a subsequent *bona fide* purchaser or attaching creditor, without notice.   This view of the subject is fully sustained, both in this and the neighboring states, where similar statutes exist, and is viewed by this court as consistent with the analogy of legal principles.   In this case, by the statute of 1831, the administrator had the right of recovery in his own name, or the right to convey on license from the court. He did convey.   His deed duly executed was delivered, that passed the title to the plaintiffs and by the terms of the act of 1831, was " good and valid as against such fraudulent conveyance " of the defendants.   The defendants were not *subsequent bona fide* purchasers.

This question has undergone so full and satisfactory discussion by courts and jurists as to render it inexcusable that further time should be devoted to it, and though differing somewhat in their reasoning, they fully agree in the result.

In addition to the authorities cited by the plaintiffs' counsel, the case of *French* vs. *Gray* (2 Conn. Rep. 92,) gives to this question a very full and able investigation.

It is insisted that this land was included in the inventory of Tyler's estate and was *assigned* to his widow.   The probate court have no power to make assignment of real estate to the widow ; and besides, Tyler did not die seized of this land, and his heirs and widow could have no claim to the same, as his conveyance to Gage was effectual as to every one but creditors.

The statute of 1831 is in addition to the act " constituting probate courts," &c. and provides that the sale by the administrator shall be agreeable to the provisions of the act to which it is in addition.   By the general act it is provided that the probate court may license the administrator to sell so much real estate as is necessary for the payment of the debts, after the personal fund is first applied ; but before granting such license, the heirs or devisees must be first notified.   It is now insisted for the defendants in this case, that inasmuch as the heirs of Tyler were not first notified, the sale by the administrator was unauthorized and the plaintiffs cannot recover.   The object of

CALEDONIA,
*March,*
1834.

Harrington &
Kittredge
*vs.*
Gage et al.
the provision in the general act is therein stated—that is, that the heirs or devisees may give bond for the payment of the debts and hold the land. In this case it is obvious, the heirs of Tyler could not hold the land, had they paid the debts. His conveyance to Gage was good against Tyler and his heirs. It was therefore useless and unnecessary to notify the heirs.

The general law further provides (p. 351) that every "matter or thing had or done in any probate court, affecting the title of real estate, or a copy thereof certified by the register of such court, shall be recorded in the town clerk's office in the town where such real estate is situate." This is in accordance with our registry system and is explicit and peremptory. The recording of the deed is only in compliance with the statute of conveyances, and does not meet this law, requiring the proceedings of the court, affecting the title to this real estate, to be recorded in the town clerk's office. Though the probate records are legal evidence, and although the statute does not in terms declare the consequence of neglect, yet to hold this statute as merely declaratory, would practically wholly frustrate its design. So much of the proceedings of the court as affected this title, that is, the application, the order, license and return of sale, must first be recorded in the town clerk's office, in obedience to this statute, to entitle the plaintiff to recover. Therefore,

Judgment reversed.