## Richard F. Abbott *v.* Josiah Pratt and Others.

A party, claiming title to land under a will, or other probate proceedings, which are required by statute to be recorded in the town or county clerk's office, may give the same in evidence, if recorded at any time prior to the time of trial, though not recorded prior to the commencement of his action.

The recording, in such case, has relation back to the time when the right accrued under the will, or other proceeding.

The devisee of land may maintain ejectment therefor, when it is obvious that no action of the probate court, in ordering a division, or assigning the land, can become necessary, and there is no pretence that the executor has any lien upon the land, or so long time have elapsed that his lien will be presumed satisfied.

Testimony of admissions, made by the defendant in ejectment, who is in possession of the demanded premises, that he entered under the plaintiff's grantor and by his permission, and that it had always been understood between them that the plaintiff's grantor owned the premises, is competent, though made to a stranger, and, if believed, will conclude the defendant from disputing the plaintiff's title.

Ejectment, to recover possession of lot No. 6 in Harris' Gore. Plea, the general issue, and trial by jury.

On trial, the plaintiff, among other evidence, offered the will, and probate thereof, of Roswell Waters, and other probate proceedings on his estate. The will was proved before the probate court, April 22, 1834, and was recorded, with the probate thereof, in the county clerk's office for the county of Caledonia, June 8, 1842, which was subsequent to the commencement of this action, but prior to the trial thereof. To this testimony the defendant objected, because it did not appear that the will and probate were recorded in the county clerk's office at the commencement of this action,—and because no proceedings of the probate court were shown, assigning the land to the devisee; but the court overruled the objection, and admitted the testimony. By the will the premises in question were devised to Clark Waters, under whom the plaintiff claimed title by deed, dated Oct. 20, 1841, and recorded June 7, 1842. No commissioners of insolvency were ever appointed on said estate, nor did it appear that there were any debts, due from the estate. The plaintiff

also introduced evidence tending to show that the defendant Josiah Pratt, who had been in possession of the lot for about nineteen years, went into possession thereof under one Finch, under whom the plaintiff showed title by the records and deeds admitted in evidence by the court, and that Pratt had always acknowledged the title of said Finch to the lot. The other defendants in the action were in possession by permission of the defendant Pratt. Several exceptions were taken by the defendants to the admission of different portions of the plaintiff's testimony, which were waived on the hearing in the supreme court, and are not here detailed.

The court charged the jury, in substance, that it was not necessary that the plaintiff, who held the title of Finch, should show any formal contract with the defendants, by which they entered into possession of the land under Finch, or that they had ever met or conversed upon the subject; but that, if the defendant Pratt, at the time he entered upon the lot, admitted that Finch owned the land, and that he entered by his permission, or under him, although this admission was made to a mere stranger, if it was made known to Finch, and there was a mutual understanding existing and kept up between the parties that Finch owned the land and Pratt held under him, the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

*J. Bell* for defendants.

1. The court erred in permitting the copies of the records of the probate court to go to the jury. 1. It did not appear that they had been recorded in the county clerks's office of Caledonia County, in which county the land in question lies. Sl. St. 351. *Harrington et al.* v. *Gage,* 6 Vt. 532. 2. They furnish no evidence whatever of title in the plaintiff, or in those under whom he claims. *Robinson* v. *Gilman et al.,* 3 Vt. 164.

2. The court erred in charging the jury that it was not necessary that the plaintiff should show any formal contract between Finch and the defendant Pratt, by which he entered into possession of the lot under Finch, or that they ever met or conversed on the subject.

*L. B. Peck* and *J. A. Wing* for plaintiff.

The Revised Statutes, p. 269, § 11, enact, that no action shall be

maintained by the *heir,* or *devisee,* to recover the possession of lands, until after a decree of the probate court assigning such lands to the heir, or devisee, or the time allowed for the payment of debts shall have expired, unless the executor, or administrator, shall voluntarily surrender the possession to the heir, or devisee.    No question was made on the trial but what the estate of Roswell Waters had been settled; if that question had been raised, the plaintiff could have replied either of the exceptions above set forth, or the court would have presumed a settlement of the estate, and the lien of the executor satisfied, from lapse of time.    *Hubbard* v. *Ricart,* 3 Vt. 207.

The opinion of the court was delivered by

BENNETT, J.   Several questions were reserved on the trial in the county court, which are not now relied upon, and such will be passed over without notice.

It is now insisted that the county court erred in permitting the records of the probate court to go to the jury. The statute, (Slade's Ed., p. 351, § 86,) provides, that all *wills* devising real estate, assignments of dower, &c., or certified copies of them, shall be recorded in the town clerk's office in the town where said lands are situated; and, by another provision, if the lands are situated in an unorganized town, the record must be in the county clerk's office in the county in which the land is situate.   In the present case it appears that the will and the probate of it were recorded in the county clerk's office at the time of the trial, though not when the suit was commenced; and the question arises, shall the plaintiff, for this cause, be precluded from a recovery in this action?

In the case of a deed it is well settled, that, if it is recorded in the proper office at the time it is given in evidence, it is sufficient. *Harrington et al.* v. *Gage,* 6 Vt. 532. The record is not necessary to the passing of the title to the grantee, but only affects the deed as matter of evidence. The statute, which requires a will of real estate to be recorded in the office where deeds of land are to be recorded, does not make their recording a condition precedent to the passing of the estate. The fee passes to the devisee under the will; and though, in the case of *Harrington et al.* v. *Gage,* it was held that the statute, requiring a record of so much of the proceedings of the court of probate, as affect the title, to be made in the

town clerk's office, was imperative, yet, in that case, no such record had been made at the time of the trial. In the present case, and for the purpose of sustaining this action, the record, when made, may be considered as having relation back to the time when the right accrued under the will.

It is now said that the records furnish no evidence of title in the plaintiff, or in those under whom he claims. It is true the statute provides that no action shall be sustained by any heir, or heirs, devisee, or devisees, until such estate be set off to them by an order of the probate court. Slade's Ed., p. 346, § 63. It is to be remembered that the whole of lot No. 6, in Harris' Gore, is, by the will of Roswell Waters, given to Clark Waters, under whom the plaintiff claims title. In *Hubbard* v. *Ricart*, 3 Vt. 207, it was held that the above statute applied only to cases where a division might be necessary ; and, in this case, there is no pretence that the executor has a *lien* upon this land. The will of Roswell Waters was probated in 1834, and letters were then granted to the executor; and, in 1841, Clark Waters, the special devisee of this lot in the Gore, deeded it to the plaintiff, whose deed was put upon record in June, 1842. In such case it is to be presumed that the *lien*, which the executor might have had, has been satisfied; and as no division of this lot can, in any event, be necessary, this devisee might well, upon the authority of the case in 3 Vt. Reports, maintain an action without it.

We think there can be no ground of objection to the charge. It puts it to the jury to find that Josiah Pratt not only *admitted* that Finch owned the land, and that he entered upon it by his permission, but that he entered in fact under him; and that it was the mutual understanding, kept up between the parties, that Finch owned the land, and that Pratt held under him. In such case Pratt is estopped from denying the title of Finch, not only as against him, but also as against those claiming under him.

The judgment of the county court is affirmed.