## Sherman F. Abbott v. Ezra Lapoint.

Appointed Special Term at Brattleboro, February, 1909.

Present:  Rowell, C. J., Munson, Watson, and Haselton, JJ.

Opinion filed May 31, 1909.

*Landlord and Tenant—Statute of Frauds—Oral Assignment of Lease—Estate Created—Evidence—Lease—Effect of Recording After Commencement of Action—Damages.*

An oral assignment of a written lease of real estate for years creates only a tenancy at will.

A tenant at will has no interest that he can convey, and an attempt to convey ends his tenancy.

The delivery of a duly executed deed of real estate passes the title, and may be read in evidence if recorded before the trial, though not recorded at the commencement of the action.

A lessee of real estate, under a written lease for years, is not estopped by his oral assignment thereof from asserting his right to the possession of the premises.

In ejectment against a tenant at will, plaintiff may show, as bearing on the question of damages, in what season of the year the profit on the business for which the premises were used was made in that locality.

Ejectment.    Plea, the general issue.    Trial by jury at the December Term, 1907, Windsor County, *Powers, J.,* presiding. Verdict and judgment for the plaintiff.    The defendant excepted.

*Davis & Davis* and *S. E. Emery* for the defendant.

The presumption that the relation of landlord and tenant existed between Brown and Bennett arises from the payment and acceptance of rent, and exclusive possession by Bennett. *Acker* v. *Witherell,* 4 Hill, 2 Phillips Ev. 150, 151; *Williams* v. *Woodward,* 2 Wend. 487, 492; 2 Taylor, Landlord and Tenant, §429; *Bedford* v. *Terhume,* 30 N. Y. 453; *Shea* v. *Gray,* 15 Ir. C. L. 296.   Here was also an estoppel in *pais.    Green* v. *Smith,* 57 Vt. 268; *Cady* v. *Owen,* 34 Vt. 398.   Here was such gross

negligence on the part of Abbott as amounts to a constructive fraud on Bennett and defendant to allow Abbott to come in and assert his title if he had any.  *Brant* v. *Virginia Coal Company,* 93 U. S. 326; *Louks* v. *Kenniston,* 50 Vt. 116.

*W. W. Stickney, John G. Sargent* and *Homer Skeels* for the plaintiff.

A deed, required to be acknowledged and recorded, may be read in evidence if acknowledged and recorded any time before trial, such acknowledgment and record, though subsequent to the date of the deed, taking effect, by relation from such date. *Douglass* v. *Spooner,* N. Chip. 74; *Harrington* v. *Gage,* 6 Vt. 532; *Pitkin* v. *Leavitt,* 13 Vt. 379; *Pierce* v. *Brown,* 24 Vt. 165.

Bennett being a tenant at will, had no estate in the premises which he could assign to the defendant.  The estate of a tenant at will is not assignable, but if the tenant makes an actual grant of his estate, that terminates the tenancy.  Tiedman R. P., 3rd Ed. §§162, 163; *Cooper* v. *Adams,* 6 Cush. 87.

MUNSON, J.  August 4, 1903, J. E. Brown leased certain premises to H. E. Partridge for five years by an instrument duly executed and recorded.  Partridge put in certain fixtures, and occupied the premises as a meat market until December 18, 1905, when he sold his interest under the lease and gave possession of the premises, fixtures and stock to J. P. Meany.  Meany occupied until March 1, 1906, when he sold his interest under the lease and gave possession of the premises and property therein to the plaintiff.  Each of the above transfers was accompanied by the delivery of an unsigned incomplete carbon copy of the lease from Brown to Partridge.  Each of the above assignees paid to Brown the rent accruing during his occupancy.

The plaintiff occupied the property until September 21, 1906, when he "sold out" to Geo. H. Bennett, and put him in possession of the premises, fixtures and stock.  Some time in October plaintiff's father delivered to Bennett the carbon copy above mentioned, by what authority did not appear.  November 16, plaintiff gave Bennett a bill of sale of the fixtures and stock with a schedule of items attached, and received from Bennett a chattel mortgage of the same to secure a part of the purchase price.  Accompanying the bill of sale was a supplemental agree-

ment which provided that Bennett, if he gave sufficient prior notice, might return any or all of said personal property, except the stock in trade and the cart, on the first day of April, and have the same credited on the chattel mortgage; and which authorized the plaintiff to sell or remove any or all of the same property previous to April first, on giving proper notice. There was no other writing between them.

April 1, 1907, pursuant to notice given March 11, Bennett returned to the plaintiff certain of the property, including the fixtures; and under date of March 30 plaintiff discharged the chattel mortgage. March 14, Bennett sold defendant some of the property not covered by the notice, and executed and delivered to him an assignment, written on the back of the carbon copy before mentioned, and covering all his interest in the premises described therein; and on the first day of April he gave defendant possession of the property so sold and assigned. Soon after this the plaintiff found defendant in possession, and offered to sell him the property returned by Bennett, and on his refusing to buy it demanded possession of the premises, and on his refusing to surrender them brought this action of ejectment.

An assignment from Partridge to Meany, dated December 18, 1905, acknowledged April 6, 1907, and recorded December 12, 1907, and one from Meany to the plaintiff, not dated, acknowledged April 5, 1907, and recorded December 12, 1907, both duly witnessed, and each conveying all the assignor's interest in the Brown lease, were offered in evidence by the plaintiff and received subject to defendant's exception. The first assignment, dated December 18, 1905, was in fact signed about April 1, 1907, and after the defendant had taken possession of the premises. Both were made before the suit was brought, and both were recorded before trial.

We find nothing in the writing given by the plaintiff to Bennett that can be held to cover an assignment of the lease. The defendant did not construe it differently, for he objected to its introduction on the ground that it related to the personal property only, and not to the occupancy of the premises. There is nothing in the exceptions regarding the payment of rent by Bennett to the lessor, and the testimony is not referred to. So there is no basis for the assumption that the lessor accepted Bennett as tenant in place of the plaintiff, and no occasion to examine the case along that line. If Bennett obtained any right

to the premises from the plaintiff it must have been by virtue of some oral agreement. If there was an oral assignment of the lease from the plaintiff to Bennett, it created a tenancy at will only. V. S. 2218 (P. S. 2582) *Amsden* v. *Atwood,* 68 Vt. 322, 35 Atl. 311. A tenant at will has no interest that he can convey, and an attempt to convey ends his tenancy. 2 Bl. Com. 146; 1 Wash. Real Prop. 373. So the defendant acquired nothing by Bennett's assignment of his interest in the premises. The assignments received against the defendant's objection gave the plaintiff a valid legal title before the commencement of the suit, and they were properly received in support of the action, although not recorded when the suit was brought. The delivery of a deed duly executed passes the title, and it may be read in evidence if recorded before the trial. *Harrington* v. *Gage,* 6 Vt. 532. We see no ground upon which the plaintiff can be estopped from asserting his title. It is claimed that the plaintiff was guilty of gross negligence which operated to deceive the defendant, but counsel do not undertake to specify the matters relied upon.

The court directed a verdict for the plaintiff, and submitted the question of damages. The rent was payable in equal monthly installments. A witness improved by the plaintiff on the question of damages was permitted to state in what season of the year the profit in that business was made in that locality. This was objected to because there was no allegation of special damages, and was received as explanatory of the witness's testimony regarding the damages. No error appears.

The other exceptions are disposed of by the views above expressed.

*Judgment affirmed.*