LILLA T. WILDER, petitioner, *vs.* IRA THAYER & another.

If a testator provides in his will for one of his children by the bequest to her of an annuity for her life, and she then dies during his lifetime, her issue, born before the making of the will, do not take, under the Rev. Sts. *c.* 62, § 21, (Gen. Sts. *c.* 92, § 25,) any share of the testator's estate, although the will contains no specific provision for such issue.

PETITION for partition, alleging that the petitioner was seised in fee of an undivided fifth part of certain lands in Braintree. The respondents denied that she was so seised.

At the hearing in this court, before *Hoar,* J., the facts appeared as follows: Both parties claimed title under Levi Thayer, who died seised of the premises on May 4, 1853. He had made his will on May 22, 1848, which, shortly after his death, was duly proved and allowed. He had originally five children, Ira, Amasa, Sarah, Maria, and Harriet N. Of them, two, Sarah and Maria, died before he made his will, each leaving children. Harriet N. was the mother of the petitioner, and died in 1851. The petitioner was born in May 1847. There were living, at the testator's death, his two sons, (the respondents,) the children of his daughter Sarah, the child of his daughter Maria, and the petitioner. The will contained the following bequest to Harriet N., the petitioner's mother: "It is my will that my executors pay to my daughter, Harriet N. Wilder, the sum of fifty dollars per annum, for and during the term of her natural life, for her sole use and benefit." No provision was made in the will for the petitioner specifically, and she claimed one fifth of the testator's estate under the Rev. Sts. *c.* 62, § 21, (Gen. Sts. *c.* 92, § 25,) which is as follows: "When a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate; unless they shall have been provided for by the testator in his lifetime, or unless it appears that such omission was intentional and not occasioned by accident or mistake."

On these facts the judge ruled that the petitioner was not entitled to any portion of the estate claimed by her, under which

ruling a verdict was taken for the respondents, and the case was reported for determination by the full court.

*C. T. Russell,* for the petitioner, cited *Bancroft* v. *Ives,* 3 Gray 367.

*J. J. Clarke,* for the respondents, cited also *Wilder* v. *Goss,* 14 Mass. 357; *Wilson* v. *Fosket,* 6 Met. 400; *Wild* v. *Brewer,* 2 Mass. 570; *Church* v. *Crocker,* 3 Mass. 17.

FOSTER, J. The petitioner, a grandchild of the testator, claims under the provisions of the Rev. Sts. *c.* 62, § 21, (Gen. Sts. *c.* 92, § 25,) on the ground that the will has omitted to provide for her, the issue of a deceased daughter who died after the execution of the will but in the lifetime of the testator. The petitioner was living when her grandfather's will was made. The question is, whether "it appears that such omission was intentional and not occasioned by accident or mistake."

If there had been no will, the real estate would have descended in equal shares to the children and "to the issue of any deceased child by right of representation." Rev. Sts. *c.* 61, § 1. (Gen. Sts. *c.* 91, § 1.) It is only as her mother's representative that the petitioner can claim title; and the provision made for the mother, upon her death in the testator's lifetime, would, by the Rev. Sts. *c.* 62, § 24, (Gen. Sts. *c.* 92, § 28,) have enured to the benefit of this daughter, except for its peculiar character, a life annuity which terminated on the mother's death. If, then, the mother of this petitioner had received a legacy of only nominal amount, there would have been no room for the present claim, but this grandchild would have succeeded to that provision. If the mother had survived the testator, neither she nor her descendants would have taken anything except the annuity. It is plain that at the date of the execution of the will no case existed for the application of the rule contended for. It is only in consequence of the subsequent death of the petitioner's mother that any question arises. Under the circumstances, we all think it clear that the intention of the testator was to make no other provision for the branch of his descendants to which this grandchild belongs, than that of a life annuity to her mother. The utmost strength of the petitioner's claim is that the testator

neglected or forgot to alter his will after her mother's death But, as she was living when it was made, this would not be the case contemplated by the statute.

All having been done by the will for Mrs. Harriet N. Wilder which the testator intended to do for the benefit of her or her descendants, the petitioner has no title as heir at law, and there must be        *Judgment on the verdict for the defendants.*