### GEORGE L. PRENTISS et al.

#### *vs.*

### JOSEPH W. PRENTISS et al.

G. L. Prentiss, only child of G. M. Prentiss, was born November 11th, 1864. G. M. Prentiss died November 21st, 1864, having made a will in March, 1861. The will, after making specific bequests and devises to seven different persons, and none to G. L. Prentiss, the son, contained the following residuary clause : "All the rest, residue and remainder of my estate of which I shall die seized and possessed, or to which I may be entitled at my decease, I give, bequeath and devise to my beloved wife Emily A. L. Prentiss, subject to the payment of my debts and charges; and her rights under this residuary provision shall not be affected or changed by the birth of any child of mine, if any shall be born to me before or after my decease." *Held*, that it is apparent from the will, that it was the intention of the testator, that no provision should be made for his child, and such child is not entitled to any share of the testator's estate.

This is an appeal brought by George L. Prentiss, a minor, &c., and by his guardian, from a judgment rendered in the District Court of Hennepin County, for costs against said guardian, and reversing a judgment given by the Probate Court of Hennepin County, in favor of said minor, upon his petition asking for an assignment of certain real property belonging to George M. Prentiss, in Minnesota, at the time of his death.

The case is fully stated in the opinion and syllabus.

CORNELL & BRADLEY for Appellants.

W. P. WARNER for Respondents.

*By the Court.*—BERRY, J.—George L. Prentiss, the appellant and only child of George M. Prentiss, was born November 11th, 1864. George M. Prentiss, the appellant's father, died testate November 21st, 1864. His will, which bears date in March, 1861, and purports to have been executed in Massachusetts, after making specific bequests, devises and legacies, to seven different persons, and none to the appellant, contains the following residuary clause: "All the rest, residue and remainder of my estate of which I shall die seized and possessed, or to which I may be entitled at my decease, I give and bequeath to my beloved wife Emily A. L. Prentiss, subject to the payment of my debts and charges; and her rights under this residuary provision shall not be affected or changed by the birth of any child of mine, if any shall be born to me before or after my decease."

The appellant asks for an assignment of certain lands situate in this State, and specifically devised to the respondents. His rights are to be determined by the law of the place where the lands are situated. 1 *Redfield on Wills*, 397–8. *Story Conflict of Laws, Sec.* 424.

*Section* 22, *Chapter* 47, *Gen. Stat.*, provides that "When any child is born after the making of his parent's will, and no provision is made therein for him, such child shall have the same share in the estate of the testator as if he had died intestate, and the share of such child shall be assigned to him as provided by law in cases of intestate estates, unless it is apparent from the will that it was the intention of the testator that no provision should be made for such child." The sole question then which is presented for our determination is this: Is it apparent from the will that it was the intention of George M. Prentiss, the father, that no provision should be made for George L. Prentiss, the son? The probability that a child may be born to the testator is expressly referred to and recognized in the residuary clause. It cannot then be said that the testator failed or neglected to make provision for the appellant through forgetfulness or inadvertence. Yet the will disposes of all his estate, and no part of it is bequeathed to the appellant. The fact that he disposed of his whole estate to other persons so that he had nothing remaining with which to make provision for his child, taken in connection with the further fact that he so did in contemplation of the probability that issue might be born to him, leads, if not inevitably, at least with reasonable certainty, to the conclusion that he intended to make no provision for the appellant. *Prentiss vs. Prentiss*, 11 *Allen*, 47. *Wilder vs. Thayer*, 97 *Mass.*, 439.

Judgment affirmed.