### Bowen and others vs. Idley.

Where a bill is filed by the heirs at law against the devisee in possession, to set aside a will of real estate, on the ground of the testator's incapacity, or that the devise was the result of undue influence, it will be a valid objection, upon demurrer to the bill, that the complainants have a perfect remedy at law, and that the court of chancery has no jurisdiction of the case.

But devisees claiming the estate, or an interest therein, under a will which is alleged to have been fraudulently destroyed, may file a bill to establish' the will, and to set aside as invalid a subsequent will which purports to make a different disposition of the property. And in such suit, the devisee in the last will, as well as the heirs at law, are proper parties.

Where a complainant amends his bill after answer, it is a matter of right for the defendant to put in a new or a further answer to the amended bill ; except where the amendment is a mere matter of form which cannot vary the rights of the defendant. But, in the answer to an amended bill it is not allowable to repeat the allegations in the former answer, unless the grounds of the suit and the defence to the same are varied in substance.

Where a cause has been heard upon pleadings and proofs and a decretal order made therein, which order has been affirmed upon an appeal, the court

below has no authority to allow the bill to be amended by striking out the name of one of the complainants, who is an infant, and making her a party defendant, without the consent of the original defendant in the suit.

After the witnesses in a cause have been examined and the proofs closed, no amendment of the bill is allowed, except an amendment which is merely formal; and that under very special circumstances. In that stage of the suit, if it becomes necessary to add new parties who will have a right to examine witnesses in their defence, the proper course is to bring such new defendants before the court by a supplemental bill.

THIS was an appeal from an order of the vice chancellor of the first circuit. The bill was filed by George Bowen, in behalf of himself and wife, and as the next friend of Mary Ann Idley an infant, to set aside a will made by the father of the infant, and to establish a previous will which the complainants alleged had been fraudulently destroyed. The cause was heard before the vice chancellor upon pleadings and proofs; and the defendant, among other objections, insisted that the infant complainant was interested in sustaining the last will, and should not have been joined with Bowen and his wife as a party complainant. The vice chancellor made a decretal order, however, awarding a feigned issue to determine the question as to the validity of each of the wills, and whether the first will was revoked by the testator. From this decretal order the defendant appealed. The decision of the vice chancellor was affirmed, so far as it affected the rights of the defendant; and the appeal, so far as it sought to protect the rights of the infant complainant, was dismissed, without prejudice to the right of any person to apply, in behalf of the infant, for a reference to inquire whether it was for her interest that the suit should be further prosecuted in her name as one of the complainants. This decision was afterwards affirmed by the court for the correction of errors. [See the case more fully stated in 11th *Wendell's Reports*, 227.] A reference was afterwards ordered, by the vice chancellor, and the master reported that it was not for the interest of the infant complainant that the suit should be prosecuted in her name; it being proved before him that Mrs. B. was not entitled to any share of the testator's estate if neither of the wills should be sustained. Bowen and wife thereupon applied to the

vice chancellor for leave to amend their bill, by striking out
the name of the infant as a complainant and making her a
defendant in the suit, with such proper alterations as might
be requisite for that purpose; that all the orders and pro-
ceedings in the cause might be corrected, in conformity
with such amendment; that the answer of the defendant
to the original bill might be ordered to stand as an answer
to the amended bill; and that the testimony which had
been taken in the cause might stand in full force against
the defendant Elizabeth Idley, in the same manner as if the
same had been taken under the amended bill. Affidavits
were read in opposition to the application, to show that
Bowen was aware of the existence of the facts, on which
the master's decision was founded, before the filing of the
bill; and also that the defendant was advised by counsel
that if the amendment prevailed the bill could be success-
fully demurred to, although the defendant could not have
sustained a demurrer to the bill while the infant was one of
the complainants. The vice chancellor granted the appli-
cation, substantially as asked for by the petitioners; and
authorized the insertion of an allegation in the bill that Ma-
ry Ann Idley, the new defendant, claimed and had some
interest in the estate of her father, Joseph Idley, deceased,
as a devisee *or an heir at law*. From this decision of the
vice chancellor the defendant appealed; and in her notice
of appeal, which was general as to the whole order, she
particularly objected to that part of the order which pre-
cluded her from putting in an answer to the amended bill.

*C. O. Connor*, for the appellant.

*D. S. Jones & P. A. Jay*, for the respondent.

THE CHANCELLOR. I do not see any thing in the con-
duct of Bowen, in instituting this suit in the name of the in-
fant as one of the complainants, which ought to preclude
him from having the amendment asked for in this case, if
it was proper in other respects; although at the time of
filing the bill, he was aware of the fact that his wife was

1836.

Bowen
v.
Idley.

not an heir at law of the testator. He does not allege in his bill that she was an heir, but only mentions her incidentally, as a child of the testator; which was true in point of fact. The object of the bill was not to claim any thing in favor of either of the complainants as heirs at law; but to set aside the last will and establish the first, which, at the time of filing his bill, he might have honestly supposed was more beneficial to the infant complainant than the other. Although the defendant had voluntarily supported the infant complainant, she was under no legal obligation to do so until she made the offer to that effect in her answer; and it was doubtful whether the remainder in the whole property after the death of the widow, would be more beneficial to the infant than a remainder in one half after that time, and a support out of the income of the property during the continuance of the life estate of the widow.

I am inclined to think there is no foundation for the supposition that the bill, as amended, would be liable to the objection that Mrs. Idley was not a proper party thereto. It is true she has no interest in supporting the last will in preference to the first, since her voluntary offer to maintain and educate the infant. But she is charged in the bill with having fraudulently destroyed the first will, which the complainants are seeking to establish; and she appears to be a necessary party to a suit by Bowen and his wife to establish that will as against the heir at law of the testator. If the devisee was in possession, and the complainants were the heirs at law, and were seeking to set aside the last will on the ground of the testator's incapacity, or that it was executed under improper influence, and thus to leave the estate to descend to them as in case of intestacy, it would be a valid objection, upon demurrer to either the original or the amended bill, that the complainants had a perfect remedy at law, and that this court had no jurisdic        the case. (*Colton* v. *Ross*, 2 *Paige's Rep.* 396.)              court, even before the revised statutes, had jurisdic          it brought to establish a will of real estate, which           been fraudulently destroyed, either during the life of          testator or afterwards, without his knowledge or consent;      where he was mentally inca-

1836.

Bowen
v.
Idley.

pable of consenting. And the jurisdiction of the court is now extended, by statute, to the case of a will of personal estate. (2 *R. S.* 67, § 63.) That part of the bill which seeks to set aside the last will might still be demurred to, if the question as to the validity of that will was not directly connected with the establishment of the first. But if that will is valid, it is a revocation of the first; and the complainants cannot succeed in their suit to establish the first will, even if they show that it was improperly destroyed without the knowledge or consent of the testator. The part of this case, therefore, over which this court has an unquestionable jurisdiction, necessarily draws to it the decision of the question as to the validity of the last will. The defendant, however, in her answer, may insist that the first will was destroyed by the testator, or with his assent; and may then object to the jurisdiction of the court to decide upon the question of the validity of the last will, as between her and the heir at law. And in that case, if the complainants do not succeed in establishing the fact that the first will was illegally destroyed, their bill must be dismissed, without awarding an issue to determine the validity of the last will as between Mrs. Idley and her co-defendant; leaving the heir of the decedent to her remedy at law, by action of ejectment. This could not be done as the cause stood at the original hearing before the vice chancellor. The two children, who were then supposed to be the heirs at law, were complainants; and no objection was made, in the answer of the defendant, to the jurisdiction of the court to determine the question as to the validity of the last will, if the allegation as to the fraudulent destruction of the first was not sustained. It was, therefore, a matter of course to award an issue *devisavit vel non*, to determine the question as to the validity of the last will, even if the complainants had not succeeded in proving the fraudulent destruction of the first. For if the first was destroyed by the testator, or by his direction, yet if the last was illegal, the plaintiff would be entitled to the property under their prayer for general relief. If this amendment is allowed, and the infant heir of the testator is made a defendant, she will there-

fore have a right to insist that Mrs. Idley is a necessary party to establish either will; as the infant may contest the validity of both.

From this view of the case it will be seen, however, that the amendment is not a mere matter of form as regards Mrs. Idley. For if the wife of the complainant Bowen is not an heir at law, the complainants can only succeed by establishing the validity of the first will and by showing that it has not been revoked or destroyed by the testator, or by his direction : even if he was incompetent to make the will of May 1825. Mrs. Idley has the right, therefore, if the amendment is allowed, to put in an answer, or at least a further answer, to the amended bill, for the purpose of setting up such further defence to the same as she may think 'proper to make ; and also to introduce evidence to establish any allegations which may be put in issue by the replication to such further answer. But I can see no valid objection to permitting the testimony which has been already taken between these parties to stand, and to be used on the hearing, as between Bowen and wife and Mrs. Idley ; giving to either the right to re-examine any of the witnesses if necessary. Where the complainant amends his bill after answer, it is a matter of right for the defendant to put in a new or further answer to the amended bill, unless it appears that the amendment is a mere matter of form which cannot alter the rights of such defendant. But in such answer to an amended bill it is not allowable to repeat the allegations in the former answer, unless the grounds of the suit and the defence to the same are varied in substance ; as the original and supplemental answer constitute but one answer to the bill as amended. In *Bosanquet* v. *Marsham*, (4 *Sim. Rep.* 573,) the complainant amended his bill by merely adding a party, after a general demurrer had been overruled ; and it was held that such amendment authorized the same party to put in a general demurrer to the amended bill. The vice chancellor said in that case, that after a defendant had answered a bill, any amendment, however trifling in the bill, authorized the defendant to put in another answer, and to make an entirely new defence. (*See*

*also Richardson* v. *Richardson,* 5 *Paige's Rep.* 58 ; *Gambier* v. *Lehenp,* 1 *Dick.* 44.) The statute also provides that if an amendment is made to any pleading, in matter of substance, the adverse party shall be allowed an opportunity, according to the course and practice of the court, to answer the pleading so amended. (2 *R. S.* 424, § 2.)

There is, however, an insuperable objection to the allowance of the amendment in the present case, except by the consent of the defendant. And the only remedy of the complainants, unless such consent can be obtained, is by commencing de novo. Before any witnesses have been examined in a cause, the court will allow the complainant to withdraw his replication and amend, upon such terms, as to costs or otherwise, as may be equitable, upon any reasonable excuse shown for not making the amendment sooner. But after the proofs are closed, and especially after the cause has been heard upon pleadings and proofs although no decree has been made therein, no other than mere formal amendments are allowed, and those only under very special circumstances. In that stage of a cause, if it becomes necessary to add new parties who will have the right to examine witnesses in their defence, the proper course is to let the cause stand over, with liberty to the complainant to bring the new defendants before the court by supplemental bill. In this case the cause was heard on its merits, and the complainants' counsel was at the hearing fully apprised of the objection that the infant's interest was in favor of the last will, if either was to be sustained, and of course that her interest was adverse to that of the other complainant in the prosecution of this suit. And if a mere formal amendment was required to place the parties *rectus in curia,* and without the necessity of taking any further testimony, that was the proper time to apply for leave to make such an amendment. The complainants, however, thought proper to proceed to a decree without asking for an amendment, or even for a reference to ascertain whether it was for the interest of the infant that the suit should be prosecuted in her name as a complainant. And the decree

thus made, which must be opened if this amendment prevails, has been twice affirmed on appeal.

That decree of the vice chancellor having been affirmed by the court of dernier resort, without any authority reserved to this court to open or modify the same, the court must proceed and carry it into effect, unless it is opened by the consent of the parties, or the bill is dismissed because it cannot be further prosecuted in the name of the infant against her interest. The reservation of a right to any person to apply in behalf of the infant for a reference, and to stay a suit improperly prosecuted in her name against her interest, was not a reservation of a right to the other complainants to amend their bill and to open the decretal order : which order had been affirmed by the chancellor on appeal, so far as the rights of the defendant were concerned. If a suit is improperly brought in the name of an infant, and he elects to abandon it when he arrives at full age, or the court elects for him upon the report of a master during his minority, the proper course is to dismiss the bill with costs, to be paid by the next friend or person who has improperly prosecuted the suit in the name of the infant. (See *Waring* v. *Crane*, 2 *Paige's Rep.* 80.) The decree of the vice chancellor, allowing this amendment, and precluding the defendant from putting in a further answer, to enable her to make a further defence to the new case as against her which will be presented by the proposed amendments, must therefore be reversed, with costs.

It is very desirable, however, that these parties should be saved the expense, if possible, of going over again with the testimony already taken ; and this difficulty may be avoided by a proper concession of both parties. I shall therefore, under the general prayer of the petition which was presented to the vice chancellor, permit the complainants to dismiss their bill without costs, and to proceed de novo, unless the defendant will stipulate that the decretal order which has been confirmed on appeal, may be opened, and the proposed amendments made upon the payment of costs as proposed in the order of the vice chancellor ; reserving to the defendant the right to put in a further or

supplemental answer insisting upon such further or other defence to the amended bill as she may be advised to make, and with liberty to either party to take such further proofs, in addition to those already taken, as they may be advised to be necessary.   If the defendant does not file such stipulation, and serve a copy thereof within thirty days after she has notice of the order to be entered on this appeal, the complainants may enter an order of course, upon filing an affidavit of the fact, that the bill be dismissed without costs, and without prejudice to the right of Bowen and wife to file a new bill against the infant and the defendant in the present suit.   But if the defendant stipulates within the time proposed, the complainants must withdraw the application and make the amendment and pay the costs, including the costs upon this appeal, within twenty days after service of the stipulation, and of a copy of the bill of costs, or the complainants' bill must be dismissed, with costs to be paid by Bowen.