NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
December, 1877.

## MATTER OF CLARK.

*In the matter of the estate of* MARGARET T. CLARK,
*deceased.*

Under the provisions of the Revised Statutes (2 *R. S.*, 103, § 20) — which
require that if any lands, devised or descended, have been sold by the
heirs or devisees, then the lands remaining in their hands unsold shall
be first sold to satisfy the debts of the decedent's estate — it is not a
sufficient answer to a petition by a mortgagee of a devisee for the prior
sale of lands of the estate in which the devisee has an interest, other
than those mortgaged, and in which his interest remains unsold, that
the lands so unsold will not *probably* bring enough to pay the debts,
though the opinion that they will not, be founded upon inquiry; but an
actual sale must be made before resorting to those so mortgaged.

*It seems* that if there are several heirs or devisees, the statute contemplates
the prior sale of such lands only, remaining unsold, as the one selling
or mortgaging has an interest in, and his grantee or mortgagee takes,
subject to the payment of the debts of the estate equally, from the
property of the estate.

Where one of several devisees of undivided interests in two pieces of prop-
erty mortgaged his interest in one, which interest was afterward sold
under foreclosure, *Held*, that the property in which his interest
remained should first be sold for the payment of the debts of the
estate, and the interest of all the devisees therein should be so sold, in
order (the property not being of sufficient value to pay the debts) to
prevent a disproportionate part of the debts from falling upon the
interest of the purchaser at the foreclosure sale.

IN a petition to· vacate an order, made on the
application of the executor, for the sale of certain
premises owned by the testatrix, and devised in her
will, situated in Fourteenth street in the city of New
York, the petitioner set forth that Robert B. Clark,
one of the devisees, mortgaged to one Streeter, for
$2,250, his one-third interest in said premises, which

15

mortgage was assigned to the petitioner, and was afterwards foreclosed, and the one-third interest sold, and conveyed to the petitioner; that the testatrix possessed certain leasehold premises in John street, and died owning certain premises in Richmond county, described in the petition, and that said Robert B. Clark is seized of one equal, undivided third part of the premises in Richmond county, and that petitioner has no lien or interest in said premises, and that said Robert B. Clark has never conveyed or incumbered his interest in said last-mentioned property; that the Fourteenth street property is encumbered by a mortgage made by the testatrix in her lifetime, on which there is unpaid $8,500; that a portion of the Richmond county property is subject to a mortgage of $2000, executed by the testatrix, and the residue is unincumbered; and that the petitioner had no knowledge of the proposed sale of the Fourteenth street property until after the making of said order therefor.

The executor filed an answer to the petition, setting forth, in substance, that the leasehold property on John street could not, by diligent effort, be sold, that the estate had been dispossessed for non-payment of rent, and that the property was without value; that the executor, who was one of the devisees, had made diligent effort to find a purchaser for the premises in Richmond county, subject to the mortgage, and had failed, and that the same were not worth to exceed $1,500 above the incumbrance; that Charles H. Clark, the devisee of an undivided third part of said premises, had mortgaged his interest therein to

one Streeter, which mortgage had been foreclosed, the premises offered for sale, and no one found to bid, and the premises were purchased by the mortgagee at a nominal sum; that there was a suit pending for the partition and sale of said premises, commenced by said Robert B. Clark, and that the Fourteenth street property was the only source from which sufficient moneys could be realized to pay the debts of the estate, and that it was estimated by competent judges as worth from $7000 to $8000, over and above the incumbrance, and that the debts were about $3000.

It was claimed by the petitioner that under section 20 of 2 *Revised Statutes*, 103, the real estate devised by the testatrix, which had not been sold by the heirs and devisees, should first be sold for the payment of debts.

ROE & MACKLIN, *for the petitioner.*

A. A. REDFIELD, *for the executor.*

THE SURROGATE. — Prior to the enactment of the statute (cited above), it was held in Eddy *v.* Traver (6 *Paige*, 52) that where an heir has conveyed part of the real estate descended to him, leaving the debts of the decedent unpaid, the Surrogate might direct the lands still belonging to the heir to be first sold for their payment, so as to protect the equitable rights of the purchaser from such heir.

It appearing that Robert B. Clark, the mortgagor to the petitioner's assignor, has an interest in the Richmond county property, I am of the opinion that, under the section referred to, that interest should first be sold, and that it is not a sufficient answer that it

will not probably bring enough to pay the debts of the estate, as that cannot be ascertained until a sale shall be made, and it may be that sufficient will be realized therefrom to reduce the balance of the debts to such a sum as will induce the Surrogate to direct leasing or mortgaging the Fourteenth street property, instead of ordering its sale.

But the interpretation of the statute given by the counsel for petitioner, would, in my judgment, result in many cases in doing great injustice.

If the expression, "heirs or devisees," in the statute, is to be taken collectively, then all the heirs but one might convey their interest, and leave that one's interest only, liable to a sale for payment of the debts of the estate, and so he become wholly deprived of his interest under the will, as he has no power to prevent the other heirs and devisees from making such sale or incumbrance. It would be no answer to say that the several heirs and devisees might be made liable over to the heir or devisee whose property should be devoted to the payment of the debts, for they might be insolvent. Hence equity, it seems to me, demands that the statute in question providing for a sale of real estate, not sold or encumbered by an heir or devisee, should refer to the residue of the interest of the particular heir or devisee, and not such as belongs to other heirs and devisees not thus conveyed; otherwise, equality in the payment of the debts by the respective heirs and devisees could not be attained, and the better rule would seem to be that if a mortgagee or grantee take the premises of an heir or devisee, he should be held to take them subject to the payment of

the debts of the estate equally from the property of the estate.

Let an order staying the sale of the Fourteenth street property until the interest of Robert B. Clark in the Richmond county property shall be sold, be entered, upon which sale it would seem to be equitable that the respective shares of the devisees should be sold together, so that no more of the petitioner's interest in the Fourteenth street property shall be sold and apportioned for payment of debts than shall be equal to the share of the said Robert B. Clark, in the debts due from the estate.

Ordered accordingly.