SARAH MAY LE BRANTZ, Plaintiff, *v.* WILLIAM G. CONKLIN, Individually and as Executor of an Alleged Last Will and Testament of Sarah Ann Waters, Deceased, et al., Defendants.

(Supreme Court, New York Special Term, February, 1903.)

Action to establish a will and determine rights under conflicting wills of the same testatrix — Receiver.

Where three persons claim adversely to each other under three separate wills of a testatrix, alleged, by the beneficiary of the oldest will, to have been suffering from senile dementia for the last two years of her life and when she executed the two other wills, the said beneficiary may maintain an action in the Supreme Court to establish her will and therein may have the beneficiaries of the other wills enjoined from proceeding to probate them — to the end that the rights of all the claimants may be established in one action rather than in a series of contests in the Surrogate's Court.

Where the plaintiff also asks that certain transfers, from the testatrix to the chief beneficiary under the second will, be decreed

void, that he turn over to the executors of the oldest will the property transferred and be enjoined from disposing of any property he received from the testatrix, property is involved as the subject of the action, and therefore the Supreme Court may appoint a receiver; but where it appeared that, under the second will, a trust company had already been appointed temporary administrator, the court intimated that it would not appoint as receiver any one other than the trust company.

ACTION to establish a will and for other relief.

Alexander S. Bacon, for plaintiff.

Delafield & Longfellow, for Wm. G. Conklin.

Morton Stein, for defendant Una May Mullins.

M. W. Divine, for defendant Campbell.

Gifford, Stearns & Hobbs, for Mary E. Corkery.

Hornblower, Byrne, Miller & Potter, for defendant New York Security & Trust Co.

John K. Erskine, for defendant W. L. Le Brantz.

LEVENTRITT, J.    This is an action brought by the plaintiff, child of an adopted daughter of the testatrix, to establish as her last will and testament an instrument dated January 28, 1899; that two subsequent wills dated respectively April 14, 1902, and November 11, 1902, be cancelled and decreed void; that certain deeds and assignments of mortgages standing in the name of the defendant Conklin, who is the chief beneficiary under the will of April 14, 1902, be cancelled and decreed void; that he be directed to turn over to the executors of the earliest will all the property he has received from the testatrix during the last two years of her life; that he be enjoined from otherwise disposing of any of the property received from her and, together with the defendants claiming under the will of November 11, 1902, from proceeding to the probate of the subsequent wills or the appointment of an administrator.    The complaint also prays for the appointment of a temporary receiver.

It is claimed in the complaint and in the numerous affidavits

submitted, that the testatrix Sarah Ann Waters was incompetent and suffering from senile dementia during the last two years of her life, and that both of the wills executed during that time were procured by fraud, trick, duress and undue influence.

It also appears that the defendant Conklin on the day of the testatrix' death filed the will under which he claims for probate, and secured the appointment of a trust company as temporary administrator, to which he then, or since then, turned over all the property in his possession, with the exception of a certain house which he claims under a deed to him during the lifetime of the testatrix, but which, according to his own affidavit, it appears he took to hold in trust during her life, to become his at her death.

The defendant Conklin in his answer, containing substantially a general denial, asks the dismissal of the complaint, while the defendant Campbell, claiming under the third will, asks in addition that that will be established.

I do not propose on this application to be drawn into any discussion of the voluminous facts, charges and countercharges. It would be manifestly unfair to all the parties to allow the disposition of the preliminary motion to depend in any wise on decisions of questions of fact which can only be satisfactorily determined on the trial. Even were it desirable, I would find it impossible to do so. The preliminary question of the testatrix' capacity underlies the whole proceeding. On the papers before me, that is a complicated question. Beyond that the liberal charges of fraud and undue influence, emphatically made and circumstantially supported, and as emphatically and circumstantially denied, make this peculiarly a case where the court without the parties before it is on extremely dangerous ground in seeking to place its judicial finger on the exact truth.

In view of the varied interests represented and in furtherance of such litigation as will best dispose of most of the questions in one suit, I am disposed to enjoin the proceedings in the Surrogate's Court until the determination of this action. The form of action brought by the plaintiff has the support of authority. Code Civ. Pro., § 1865; Voorhees v. Voorhees, 39 N. Y. 463; Bowen v. Idley, 6 Paige, 46. If she succeeds in establishing the will, she may obtain the relief cancelling the deeds and assignments prayed for. Voorhees v. Voorhees, *supra.* So, too, the subsequent wills will be set aside as invalid. Bowen v. Idley, *supra.* Failing in

her attempt, the defendant Campbell may, by virtue of the prayer in his answer, establish, if he can, the will under which he claims, or the defendant Conklin, by an amendment of his pleading, obtain the relief so far as his instrument is concerned. It must be obvious that, granting the power, all the matters relating to the wills should be disposed of so far as possible in one proceeding, instead of in a series of contests in the Surrogate's Court. As the power exists, I exercise it.

The remaining question is as to the appointment of a receiver. The point is made that the court is without power, except in the single instance provided for in section 1869 of the Code, and that this is not such a case. So far as this particular litigation is concerned, the power may be found in section 713, if not in the inherent authority of the court. This is not merely an action for the establishment of a will, but by virtue of the further allegations and the prayer for relief relating to the deeds, assignments and other assets, involves property as the subject of the action.

Irrespective of this consideration, however, I see no reason why the property is not adequately preserved and will not properly be protected if left in the custody of the present temporary administrator. It is asked that a receiver be appointed in its place; I am willing to designate it receiver if thereby the protection or administration of the estate will be furthered. But I am not satisfied that its appointment should be either directly or in effect cancelled by designating a new receiver. The vague fears expressed are not facts. Nothing tangible is offered which would justify the inference that it will not be conscientious in the performance of its duties or rigorous in its pursuit of any further assets of the estate that may be disclosed. Perhaps its appointment as receiver may be advisable to bring it under the direct control of the court. I will hear counsel on this point on the settlement of the order, which is to be drafted on the lines suggested in this opinion. In conclusion, I would say that I see no reason why an exception has been made in the case of the one piece of property not turned over to the temporary administrator and that the order should also contain some provision directing its transfer to the custodian.

Ordered accordingly.