No. 7.—M. HOLLOMAN and another, executors of J. G. PERRY, plaintiffs in error, *vs.* R. M. COPELAND and wife, defendants in error.

[1.] Where a testator made his will, disposing of his property to his wife and children then in life, and two years after the date of his will, had another child born, for whom no *positive provision* was made, and departed this life without altering or revoking said will after the birth of such after-born child: *Held*, that according to the provisions of the Act of 1834, the testator must be considered as having died intestate, notwithstanding such after-born child might be entitled to some portion of the testator's estate under the will, on the happening of certain contingencies mentioned therein, under the general description of "children."

Holloman and another *vs.* Copeland and Wife.

Appeal from the Ordinary.    Tried in Stewart Superior Court, before Judge Iverson, April Term, 1851.

The following facts were agreed upon by the parties in the Court below—

"John G. Perry, on the 2d day of March, 1848, made and published his last will and testament.    On the 18th day of November, 1850, he departed this life.    In the month of May, 1850, previous to his death, a child, a daughter, still in life, was born.    At the January Term, 1851, of the Court of Ordinary, the will was proven and the executors qualified.    The estate was worth about $45,000.    At the March Term of the Court of Ordinary, 1851, Copeland and wife moved to set aside the probate of the will, and to have an intestacy declared, on the ground that there was no provision in the will of John G. Perry, for the child born after the making of the will.    The Court of Ordinary granted the motion, and an appeal was taken to the Superior Court, where the judgment of the Ordinary was affirmed.    This is the error complained of.

The will of John G. Perry provided, that "all his estate be kept together for the mutual benefit of his family, to wit : his wife and children," (naming those then in life,) "in order that all of his children above named may be raised to maturity and receive an equal education"—"no distribution to be made of his estate, except his negroes, until the youngest child becomes of lawful age, and until that time the proceeds to be invested for the benefit of those concerned, as appeared in the will." "When the youngest of the above named children arrives at lawful age," the property to be sold, and divided "among all of his legatees ; and should his wife not marry, she was to draw an equal share, at that time, with his surviving children." The other provisions in the will were specific bequests.

B. H. Worrill, for plaintiffs in error.

J. M. Clark, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] By the Act of December, 1834, it is declared, that "In all cases where a person having made a will, shall marry, or have *born a child or children*, and no provision shall be made in said will for the wife, after married, or *child or children after born*, and shall depart this life without revoking said will, or altering it subsequent to said marriage, or subsequent to the birth of said afterborn child or children, the Justices of the Inferior Court of the County, while sitting as a Court of Ordinary, having jurisdiction of the case, shall pass an order declaring that such person died *intestate*, and his estate shall be distributed under the laws of this State regulating the distribution of intestates' estates." *Prince*, 254. John G. Perry, on the 2d day of March, 1848, made his will. In the month of May, 1850, after making his will, a child was born. On the 18th November, 1850, John G. Perry departed this life, without revoking or altering his said will, subsequent to the birth of said afterborn child, and the question is, whether according to the provisions of the Statute, he did not die intestate ? It is contended that he did not die intestate, because, by some of the provisions in the will, particularly those mentioned in the seventh, third, and second items thereof, the afterborn child, under the description of "children," might be entitled to some portion of the testator's estate, and, therefore, that such afterborn child is provided for by the will of the testator. The testator had other children living at the time of making his will, and those were the children which he had in his mind at that time ; as more than two years elapsed from the time of making his will, until the birth of the afterborn child, the testator, when he made his will, did not contemplate the existence of this afterborn child ; none of the provisions made therein were intended for her benefit. It is true, that on the happening of some of the *contingencies* contemplated by the testator, this afterborn child might take some portion of the testator's estate, under the general description of "children," but that is not the *provision* which the Statute contemplates. The Statute con-

templates the present, or probable existence of the afterborn child, in the mind of the testator, when he makes his will, and thereby makes a *positive provision* for such child. There being no such positive provision made by the testator in his will for this afterborn child, we are of the opinion, that this is a very clear case of intestacy under the Statute.

Let the judgment of the Court below be affirmed.