Lucy Case and Warren Case v. Rebecca Young et al.

———————————

LUCY CASE, and WARREN CASE, her Husband, Plaintiffs in Error, *vs.* REBECCA YOUNG, Widow, et al., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

Where the meaning of a will or other written instrument is certain and intelligible, the subject or object to which it is to be applied may be ascertained by extrinsic evidence, if it can be done without a departure from the rational meaning of the words actually used, and if the meaning
27

is involved in uncertainty, the intention may be ascertained by extrinsic testimony, and when so ascertained, will be taken as the meaning of the parties, if such meaning can be distinctly derived from a fair and rational interpretation of the language employed.

That section of the statutes which provides that "when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake, such child, or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate"—does not apply to a case where the intention is plain that the devisee should not receive any benefit from the estate beyond a limited sum.

The opinion of the Court gives an abstract of the pleadings and facts in the case.

The following are the points and authorities relied upon by the Counsel for the Plaintiffs in Error :

*First.*—The supposed will is nothing more than a deed. It does not devise all or any of the real estate of which the decedent "shall die seized." These words do not occur in the will. The said will conveys, (if anything,) an interest *in presenti* in the real estate described in the will.

*Second.*—The said will is void for its uncertainty. It does not describe any real estate whatever. *Miller vs. Traverse,* 8 *Bing.* 244; *see the same cases cited at length in Phillips on Evidence, Vol. 2 of Text, p.* 300; *same Vol., p.* 308, 309, 310 *and* 311; *see Jackson Ex. Dem. Van Vetchen vs. Sill et al,* 11 *Johnson* 203 *and* 218; *Cowen & Hill's Notes, Vol. 4, p.* 525 *and* 526; *Washington vs. Hylyer,* 4 *Mass. Rep.* 205; *Rothmahler vs. Myers,* 4 *Dess. Eq. Rep.* 215.

*Third.*—An ambiguity is patent in the sense spoken of by Lord Bacon when the mere perusal of the instrument shows plainly that something more must be added before the reader can determine which of several things is meant by it, and then the rule is inflexible, that no evidence to supply the deficiency can be admitted. The admission of such evidence in many cases would be, as his Lordship said, to make that pass *without deed* which the law appointed *shall not pass but by deed. See Cowen & Hill's Notes to Phillips on Evidence, Vol. 4, Part 2d, p.* 525, *and cases there cited.*

*Fourth.*—The said will is void as against said Lucy Case, although it may be valid as against the other heirs for the reason that the will shows on its face that said decedent intended to give said Lucy Case the sum of ten dollars, yet by mistake has provided no means for her to recover the

amount, having given away "*all*" *his real estate* to his widow and the other heirs, and *all the personalty three years* prior to the time when the *ten* dollars is due and payable, and has imposed no obligation upon the widow or other heirs, or either of them to pay her (Lucy) the ten dollars or any part thereof, ont of their respective shares. *See Revised Statutes of Minnesota, Sec.* 27 *of Chap.* 53, *p.* 238.

The making of a provision in a will for an heir, that he or she "*shall have*" a sum of money after "*the whole estate*" is given to *other heirs* and without any provision in the will charging the payment of the sum devised upon the share or shares of any other heir or heirs, is in law no provision for the heir first mentioned, because—

1. There is no obligation in law imposed upon the other heirs to pay any sum out of that which is given to them absolutely, and which is unencumbered with any charge.

2. Because in this case said Lucy Case has no remedy either in law or equity against any one by which she can recover the ten dollars.

3. Although the decedent has failed to make any provision for said Lucy, yet the will shows that he did intend in good faith to make a small provision for her, and thus bring the will precisely within the terms of that section of the statute above cited.

The following are the points and authorities relied upon by the Counsel for the Defendants in Error:

This action was brought in the District Court of the 5th Judicial District, by the Plaintiffs, for a partition and distribution of the real estate of Barna Young, deceased—the said Lucy Case being an heir at law to said estate—to which the Defendants answered, and set up for answer the last will and testament of Barna Young, deceased; to which answer the Plaintiffs demurred.

The demurrer went to the whole *answer* (the will)—that it was insufficient in law to constitute a good defence to said action. The Court below, after argument, overruled the demurrer and held the will to be a good and sufficient answer; to which

disposition by the Court below, the Plaintiffs except, and bring this cause into this Court by writ of error.

*First*—It is not claimed that Barna Young was of unsound mind, and incapable of making said will—nor are there any frauds or other causes assigned that in law would vitiate the will, except—1st, *uncertainty;* 2d, that no provision is made in said will for the payment of the *ten dollars* to Lucy Case.

As to the uncertainty—wherein does it consist? The will is specific; it devises " all real estate " to parties therein named. There can be but one conclusion arrived at in the interpretation and construction of this clause of the will, viz: *all the real estate* of which Barna Young died seized and possessed, was to be divided by the terms of the will. Following these words or this clause of the will, the testator describes how the real estate—" the farm "—shall be divided among the devisees—the north half to one son and the south half to the other. Parol, or extrinsic evidence can be introduced, if there be necessity therefor, to place the Court in the same position that the testator was in at the time of making the will; and, being placed in that situation, if the Court can interpret the will consistently with the surrounding circumstances, the will must stand.

There needs to be nothing supplied in this will to enable a person of ordinary understanding clearly to understand what the testator intended; and should there be any doubt, nothing is needed to be supplied, except to show the situation of the estate at the time of the devise, and the knowledge of the testator at the time of the making of the will. Authorities on this point :—*Phillip's Evidence, Third Edition, Vol. 2, page 293, and the authorities there cited.*

The language of the text on pages 293 and 294 is this : " It was with full knowledge of the situation and circumstances in which the party stood, that he made the instrument ; and it is only by the same kind of knowledge, that the Court can be enabled to interpret his words. Such evidence places the Court, to a certain degree, in the situation of the party, and thus enables it better to understand his meaning."

Evidence of the situation or residence and property of devi-

sor—*Phillip's Evidence,* vol. 2, *page* 294 ; *Estate and State of property, same book, pages* 294, 295, 296 *and* 297 ; *Page* 300, *same book, the first paragraph in the case of Miller vs. Traverse*—case as set forth—is not a parallel case with this. In that case the point was, *can parol or extrinsic evidence be introduced " to explain the testator's intention to include in his will a subject matter of devise not mentioned in it."*

*Gifts, when void for uncertainty*—See *Jarman on Wills,* 2d *American Edition,* vol. 1, *chap.* 13, *top page* 317, *and in case of Mason vs. Robinson and others, and notes; vol.* 2, *do. page* 318, *Down vs. Penny.*

*Second.*—It is claimed that the will is void as against Lucy, although it may be valid as against the other heirs; because no provision is made in the will for the payment of the ten dollars. In the will the testator constitutes and appoints Rebecca and David Young and J. G. Bass as executors, to carry out the provisions of the will. Two of said executors, so named, viz : Rebecca and David Young, have accepted the trust, filed their bond, and entered upon the discharge of their duty, as appears by the probate thereof, to collect the debts due the estate—to pay all debts against the estate. The will provides that the two sons shall pay Huldah Sophia Bass $50, two years after death of testator, each to pay one half thereof, and concludes with giving Lucy Case ten dollars, to be paid three years after the death of testator.

The executors are bound to pay the debts and legacies, and cannot be discharged from the bond until the whole intent of the will be executed. *Williams \on Executors,* 3d *American Edition,* vol. 2, *pages* 924, 925, 926 *to* 932, *and cases cited.*

Should the executors, at the end of the three years mentioned in the will, fail to execute the intent of the will, Lucy Case has her action against them for the payment of the ten dollars. It is clear that ten dollars is chargeable to the whole estate, from the face of the will, and the devisees, *David* and *Jacob,* cannot enter into and enjoy the quiet possession thereof, until the ten dollars are paid ; for such payment is, by the terms of the will, made a charge on the estate mentioned in the will. The executors cannot be discharged from their trust until they

pay the legacy of ten dollars, or satisfactorily secure the same; provided the estate is capable of paying all the debts.

*Third.*—Where the owner of the fee dies, his death having become a matter of record, the mere existence of a will is sufficient, coupled with the fact of the death, to put a person of ordinary understanding upon his inquiry. It is notice. The subsequent proceedings, all being matter of record, complete the devise and convey the title. There is a plain and palpable distinction between a deed and a will.

L. M. & J. H. BROWN, Counsel for Plaintiffs in Error.

GALBRAITH & WINTERS, Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J. The complaint states that the Plaintiff, Lucy, is the daughter and one of the heirs of Barna Young, deceased; that said Barna died seized of certain real estate; that the Defendant, Rebecca, is the widow and the others are the children of the deceased; thot they are, and ever since the death of said Barna, have been, in the occupancy and possession of said real estate, to the exclusion of the Plaintiffs; and that they refuse to partition or apportion the same, and demands a partition of said lands.

The answer denies all right of the Plaintiffs, or either of them, to the land described; sets up a will of the deceased, duly admitted to probate, through which the Defendants claim the exclusive title, and makes a copy thereof a part of the answer.

To the answer the Plaintiffs interpose a demurrer, on the ground that it did not state facts sufficient to constitute a defence, because, as they contend, the will is void for uncertainty, and because it appears therefrom that said Lucy Case is not provided for, and the omission was accidental and not intentional.

The District Court overruled the demurrer, and gave judgment for the Defendants.

The will is in these words, omitting the formal commencement and conclusion:

"First, I give and bequeath to my wife, Rebecca Young, the one-third of all real estate and personal property as long as she shall remain my widow, and from after that time to go back

with the balance to the two sons, or their heirs, excepting the household furniture she is to have at her request. Second, to my eldest daughter, Huldah Sophia, wife of John G. Bass, the sum of fifty dollars two years after my death, by the two sons, or their heirs, each to pay one-half. Third, to my son David Young the north half of the real estate, divided from east to west, and also to have one cow. Fourth, to my son Jacob B. Young the south half of the real estate and all the balance of the personalty except the tool chest and the tools. David to have all the tools and chest. Fifth, and lastly, to my daughter Lucy, wife of Warren Case, the sum of ten dollars, to be paid three years from my death, after all debts are paid —the balance to be divided according to my request and last will and testament." Rebecca Young, David Young and John G. Bass were appointed executors.

The uncertainty alleged is in the description of the real estate. It is insisted that it does not describe any real estate whatsoever.

Had the language used been "of *my* real estate," or "of the real estate I now own," or "the real estate of which I shall die seized," it is admitted that it would have been sufficiently certain; because it could be easily ascertained what real estate the testator owned at the date of the will, and the word "my," or "seized," would clearly have indicated that he referred to his own lands. But are we to suppose that the testator here intended to devise, or referred to the real estate of any other person? We ought not to presume that he intended an impossibility, but should ascertain, if possible, what his intention was, and give effect to it.

We held in the case of *Winslow et al. vs. Baldwin,* that where the meaning of an instrument is certain and intelligible, the subject or object to which it is to be applied may be ascertained by extrinsic evidence, if it can be done without a departure from the rational meaning of the words actually used ; and that if the meaning is involved in uncertainty, the intention may be ascertained by extrinsic testimony, and when so ascertained, will be taken as the meaning of the parties, if such meaning can be distinctly derived from a fair and rational interpretation of the language employed.

Applying this test to the case at bar, we find no difficulty in ascertaining from the will itself, that it was the intention of the testator to devise lands to his sons; and extrinsic evidence, if indeed that would be necessary, would be admitted to identify his own lands, as the subject or object to which the term " the real estate," as used in the will, applied.

The next position taken upon the argument is, that although the will might be good as to the Defendants, it is void as to the Plaintiffs under that section of our statutes which provides that " when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate." It is urged that the intention to provide for the Plaintiff Lucy, to the extent of ten dollars, at least, is apparent, and that the testator omitted, by mistake, to provide the means by which that sum can be realized—having, as is claimed, disposed of all his property by specific devises before she is reached.

We do not think this statute applies to a case like the present,—where the intention is plain that the devisee should not receive any benefit from the estate, beyond a limited sum; but to a class of cases which, without a statutory provision, have always appealed strongly to the favor of Courts of equity. Such, for instance, as where a testator has omitted the name of a child under the belief that the child was dead, or the issue of a deceased child, in ignorance of the existence of such issue.

Nor do we think it is at all certain that the devise to the Plaintiff Lucy, although the last named, and not to be paid for three years after the testator's death, may not yet be required first to be provided for by the executors. The will expressly says that it is " to be paid after all the debts are paid —the balance to be divided according to the will." What balance is here alluded to, if not the property remaining after paying the debts and this legacy to Lucy?

The judgment of the District Court must be affirmed, with costs.