Waterman v. Hawkins.

---

JOHN A. WATERMAN, Judge of Probate,
*vs.*
JAMES J. HAWKINS, *et als.*

*Provision in will—what is.   Liability of executor for assets.*

By his will a testator left certain real and personal estate to his widow during her life and widowhood, to revert to his heirs upon her death or marriage, and bequeathed the residue of his estate to his father. Two months after the testator's death, a child was born of his widow: *held,* that the reversionary clause above mentioned was not a provision for the child, under R. S., c. 74, § 8, and that, by virtue of that section, she took the same share in the estate that she would, had her father died intestate.

The judge of probate can only be relieved of the duty cast upon him by R. S., c. 74, § 8, of assigning to a posthumous child its share of its father's estate, by provision being made specifically for the unborn child. He cannot be disinherited, like a child living when the will is made, by its appearing that the omission to name him was intentional.

The widow seasonably waived the provisions of the will intended for her benefit ; *held*, that the child's share was properly taken wholly from the estate given to the residuary legatee.

That the executor has delivered the bequeathed property to the legatee of it, before the birth of the child, is no defence to a suit brought for the child's benefit upon the executor's bond, to obtain her share of it; especially where the court of probate has made a decree, not appealed from, establishing and assigning her share under R. S., c. 74, § 8.

ON EXCEPTIONS.

DEBT, upon the bond of the executor of the will of the late John P. McGlinchy, who died at Portland, February 2, 1869, leaving his widow, *enciente*, and his father, surviving him. Two months after her father's death, Gertrude, the child for whose benefit this suit is brought, was born. The decedent made his will, January 7, 1869, by which he gave to his wife the house, land and furniture in Cape Elizabeth, where they lived, for her natural life, if she remained unmarried; providing, however, that "in case of her marriage the same is to become the property of my heirs, and its use to revert to them ; and, in any event, after her decease, the same is to descend to my heirs." This bequest was expressed to be in lieu of dower. All the rest of his property he gave to his father.

The widow seasonably waived the provisions made for her in the will. This posthumous child, Gertrude, was the sole heir-at-law of her father.

At a probate court, holden at Portland, on the first Tuesday of June, 1871, upon a petition of this infant, representing the facts hereinbefore stated, and that the executor, James J. Hawkins, upon settlement of his account as such, at the probate court held the preceding month, was found to have a balance of $557.39 in cash in his hands, not needed for the payment of debts, nor specifically devised, and that no provision was made for her in her father's

will, and praying that she might be declared his heir, and that said sum be assigned to her, as her share of her father's estate, and said Hawkins be ordered to pay it to her. Conformably to the statute, that court found and decreed her to be the heir of John P. Mc-Glinchy, and the other facts as set forth in the petition, and assigned her two-thirds of the $557.39, balance in the hands of the executor, being $371.50, which sum it directed to be taken from this residuum "which otherwise would have been the share of Hugh McGlinchy." No appeal was taken from this decree, nor was the sum specified ($371.50) paid said Gertrude, though demanded May 6, 1872.

Prior to her birth, the residuary legatee had taken possession of the personal property, with the consent of the executor.

The present proceedings were instituted to enforce payment of this $371.50. The defendants, by brief statement under the general issue, pleaded that the suit was not duly authorized, and a performance of the conditions of the bond. The case was submitted to the presiding justice, with the right to except, who found the foregoing facts, and that the suit was authorized, and ruled that the child was not provided for in the will of her father, and that her remedy was against the executor and not against the residuary legatee, and thereupon ordered judgment for the penalty of the bond, and execution to issue for $371.50, with interest from May 6, 1872, and costs. The defendants excepted.

*William L. Putnam*, for the defendants.

The reversion of the real estate, upon the death or marriage of the mother, was a provision made for the child in the will; so the probate court had no jurisdiction. Hugh McGlinchy had the right to the possession of the property delivered to him by the executor, upon the same principle that the heir apparent enters upon land descended, and receives the profits till the posthumous child is actually born; for, *non constat* that it will ever be born alive. 3 Greenl. Cruise, 330. In the meantime the executor ought not to enjoy the property, but should deliver it to the legatee; having done so, the remedy is against the legatee for the specific

property. R. S., c. 74, § 8, provides that the share shall be taken "from the devisees," which is also equitable.

*W. H. Vinton*, for the plaintiff.

BARROWS, J. One McGlinchy died February 2, 1869, leaving a widow and father to whom he gave property in his will. Two months after his death a posthumous child, for whose benefit this suit on his executor's bond is brought, was born.

The testator devised and bequeathed to his wife, during her life and widowhood, his house and land with the furniture and other personal property on the premises—to become the property of his heirs upon her death or marriage. To his father he gave all his other property, wherever found or situate, specifying all the property in and about his store, and all his horses, wagons and teams.

The widow seasonably waived the provision made in the will for her, preferring to take her dower and allowance.

On the first Tuesday of May, 1871, the executor settled his first account, showing a balance remaining in his hands not necessary for the payment of debts or expenses of administration, of $557.39. Upon the first Tuesday of June following, the judge of probate under R. S., c. 74, § 8, decreed to the posthumous child, as not being provided for in the will, the sum of $371.50, being two-thirds of the balance aforesaid, to be taken from said residuum, which would otherwise have been the share of the testator's father, the residuary legatee. The decree was in precise conformity with the statute provision; for as the widow waived the provision made for her in the will, none of the property, whether specifically bequeathed or not, could pass by the will to the prejudice of the claim of the posthumous child for her share; and under these circumstances that share must, of necessity, all come from that of the residuary legatee. The decree was not appealed from. But upon demand made upon the executor in behalf of the child, he declined to pay over according to the decree, having allowed the property to go into the hands of the legatee before the birth of the child. The presiding judge, to whom the case was sub-

mitted ordered judgment for the penalty of the bond, and execution to issue for $371.50, and interest from the date of the demand and legal costs.

The defendants except, claiming:

I. That the probate judge had no jurisdiction to make the decree, because (they say) the child was provided for in the will, in the clause which gives the reversion of the property devised to the wife, to the heirs of the testator upon her death or marriage : and,

II. That, however this may be, the child's remedy is against the legatee, who has got the property, and not against the executor and his sureties. We are clear that neither point is well taken.

A child of a testator, born after his death, cannot, in any proper sense of the term, be deemed "provided for in his will" by a general devise of a reversion to the heirs of the testator.

There is nothing in such a provision to suggest that the child was thought of by the testator. The form of expression would indicate the contrary. To relieve the judge of probate from the duty imposed in R. S., c. 74, § 8, there must be provision made specifically for the unborn child. He cannot be disinherited like a child, or the issue of a deceased child, when it appears that the omission to refer to him was intentional. Unless he is "provided for," the conclusive presumption is that he was not expected, and the law declares that he shall take the same share of his father's estate as if the father had died intestate. A general devise of a reversion to the heirs of the testator constitutes no such provision. It would rarely be available for the support of the child when support is most needed; and while the insufficiency of the provision in the will might not entitle the posthumous child to claim a distributive share, in order to bar him it must definitely appear that some provision relating expressly to him was made. Nor can the executor relieve himself, or his sureties, by showing that he incautiously allowed the property to fall into the hands of the legatee. He is responsible first and always for the proper appropriation of the estate to the discharge of all legal claims upon it.

When he settles his account, showing a balance to be legally

disposed of according to the order of the judge, it is no sufficient excuse for the non-fulfilment of the decree that he had misapprehended his duty in the premises, and had allowed the property to go where it did not belong. Even though it may have gone wrong with the consent of the judge of probate, founded on erroneous information as to existing facts, it will not relieve the accountant and his sureties who are responsible throughout for the correctness of his doings. *Williams, J.*, v. *Cushing, Ex.*, 34 Maine, 370. *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.