NEWMAN, Respondent, vs. WATERMAN, imp., Appellant.

*May 4 — September 22, 1885.*

*Wills: Child omitted by mistake: Conclusiveness of probate: Ejectment.*

A child and sole heir at law for whom a testator has failed, by mistake or accident, to provide, and who, being of full age, has appeared in the proceedings resulting in a judgment admitting the will to probate, cannot maintain ejectment against the devisee named in the will to recover land devised thereby.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice CASSODAY:

"Ejectment. Solomon W. Newman died November 20, 1881, seized of the land in question. The plaintiff was his son by his first wife, and at the time of his father's death was his only surviving heir at law, and as such claims to be the owner in fee-simple absolute, and lawfully entitled to the immediate possession, of the land in question. The action was commenced and tried in the circuit court for Clark county, in which county the deceased resided at the time of his death, and in which county the land is situated. The complaint is in the usual form. The answer is a general denial.

"The mother of the defendants married the deceased about 1868. She was a widow at the time, and had seven children,— the youngest being the defendant *Delia E. Waterman*, who was then about seven years of age. *Delia* lived with her mother and the deceased until February, 1881, when her mother died, and then she continued to live with her step-father until he died. She claims title to the land as sole devisee in the last will and testament of the deceased.

"On the trial the plaintiff offered 'in evidence the will and probate, and all the papers connected with the probate of the will.' They were admitted. From the will and pro-

bate record, so admitted, it appears that the will was executed September 24, 1881; that the disposing portion of the will was in these words: 'After the payment of all my just debts and funeral expenses, I give, devise, and bequeath to my step-daughter, *Delia E. Waterman*, all the rest, residue, and remainder of all my estate, both real and personal;' that the requisite proceedings being taken and had, and the requisite notices given, the will was admitted to probate in the county court for Clark county, February 7, 1882, by judgment or decree in the usual form, in which it was, among other things, 'ordered that the said last will and testament, and the proofs and examinations taken in respect to the same, be recorded; and that the said last will and testament be admitted to probate, and the same be, and hereby is, established as a valid will.' It further appears that from that judgment of the probate court the plaintiff in this action appealed to the circuit court for Clark county, and the record of the county court in the matter, and the appeal papers, were filed with the clerk of said last-mentioned court, April 13, 1882; that thereupon such proceedings were had in said matter of probate in said circuit court, on said appeal, that March 14, 1883, at a general term of said circuit court, judgment was entered therein to the effect following, to wit: 'The appeal of *Orville F. Newman* from the decree of the county court of Clark county, dated February 7, 1882, admitting the will of said Solomon W. Newman to probate, and establishing the same as a valid will, being regularly on the calendar at said term, and having been reached in its order, and a trial having been had, and proofs taken before the court, offered by the proponent of the will, *Delia E. Waterman*, and no proofs on behalf of said appellant, *Orville F. Newman*, being offered, and the court being fully advised: now, on motion of Doolittle, Sturtevant, and James O'Neill, counsel for the proponent of said will, *Delia E. Waterman*, it is ordered, adjudged,

and decreed that said judgment of said court, admitting said will to probate, be, and the same is hereby, affirmed, and said instrument is hereby allowed, and the probate thereof granted, as the last will and testament of Solomon W. Newman, deceased.'

"Thereupon the trial of this action proceeded, and a great mass of testimony was taken on both sides, which, the plaintiff claims, tended to prove that the testator made the will under the mistaken belief that the plaintiff was at the time dead, and that, had it not been for such mistake, he would not have made any will, or, at most, not such a will as he did make; but which, the defendants claim, tended to prove that, although the testator had said that he supposed the plaintiff was dead, yet that he made his will just as he would had he positively known, at the time it was made, that he was in fact living. The court nonsuited the plaintiff as against George A. Waterman. The court refused to direct a verdict for the defendant *Delia E. Waterman.*

"Under the charge of the court the jury answered two questions submitted to them, to the effect: (1) At the time when Solomon W. Newman made his will, he did not understand that his son *Orville* might be alive. (2) Understanding that his son *Orville* might be alive, he would not have made the will as he did make it. The jury also found a general verdict for the plaintiff. Thereupon the counsel for the defendant *Delia E. Waterman* moved the court to set aside the verdict and for a new trial, on the grounds that it was insufficient to base a judgment upon it, and against the evidence, and contrary to law; and for errors on the trial. Which motion being denied, the defendant *Delia E. Waterman* excepted. From the judgment entered upon the verdict the defendant *Delia E. Waterman* appeals."

For the appellant there were briefs by *James O.Neill* and *L. A. Doolittle,* and oral argument by *Mr. O'Neill.*

For the respondent there was a brief by *R. J. MacBride* and *B. F. French,* and oral argument by *Mr. MacBride.*

The following opinion was filed June 1, 1885:

CASSODAY, J. In ejectment, the party having the legal title, with the right of immediate possession, must prevail. As sole heir at law of his father, the plaintiff claims such title and right of possession. Both are denied. Had the father died intestate, the plaintiff's claim would have been manifest. Then he would have shown a right to the possession "as heir." Sec. 3079, R. S. But the father did not die intestate. It is admitted that he left a will. By the will he gave, devised, and bequeathed all his estate, both real and personal, to his step-daughter, one of the defendants. The will was proved in the county court, and was by that court admitted to probate, established as a valid will, and ordered to be recorded. From that judgment of the probate court the plaintiff appealed to the circuit court. Upon the trial of that appeal the will was re-proved in solemn form, and thereupon it was ordered, adjudged, and decreed by the circuit court that the judgment of the county court admitting the will to probate be, and the same was thereby, affirmed, and the instrument was thereby allowed, and the probate thereof granted, as the last will and testament of said deceased.

The serious question here presented is as to the effect of that judgment upon this action. At common law the probate of a will was conclusive as to the personal property, but was no evidence as to the execution or validity of the will, so far as it affected real property. 1 Daniell's Ch. Pr. 877; Abb. Tr. Ev. 110. At common law, and as to real estate, the will itself, on being duly proved in an action of ejectment or other suit affecting the title to realty, became a muniment of title. *Colton v. Ross,* 2 Paige, 396; *Bowen v. Idley,* 6 Paige, 46; *Brady v. McCosker,* 1 N.

Y. 214; *Boylan ads. Meeker*, 28 N. J. Law, 274, 303. But
that has been changed by statute in England, as well as
several of the states. 1 Daniell's Ch. Pr. 877; 1 Jarm.
Wills, 50; Abb. Tr. Ev. 110, subd. 60. In this state no will
is effectual to pass either real or personal estate unless it
has been duly proved and allowed in the county court, as
provided by the statutes, or on appeal in the circuit court,
or in the supreme court (except as to wills proved and al-
lowed outside of the state), and the probate of a will of
real or personal estate, as provided in our statutes, is ex-
pressly made "conclusive as to its due execution." Sec. 2294,
R. S. When proved and allowed, a certificate thereof is to
be indorsed thereon, or annexed, signed by the judge of the
county court and attested by the seal of such court. Such
attested copy of every will devising lands or any interest
therein, and of the probate thereof, is to be *recorded* in the
office of the register of deeds. Sec. 2296. This indicates
that the certified and attested copy of the will is to be
treated as a conveyance.

Another section of the statutes declares "that every devise
of land in any will shall be construed to convey all the es-
tate of the devisor therein, which he could lawfully devise,
unless it shall appear by the will that the devisor intended
to convey a less estate." Sec. 2278. Under this section it
has, in effect, been held that where there is an absolute, un-
conditional devise, the devisee takes at once on the death
of the testator. *In re Pierce*, 56 Wis. 560; *Schriver v.
Meyer*, 57 Am. Dec. 634; *Abbott v. Pratt*, 16 Vt. 626. This
may include lands acquired after making the will (sec. 2279),
and the homestead (sec. 2280). *Ferguson v. Mason*, 60 Wis.
387. In the case before us there is no intervening estate.
The devise to the step-daughter is direct, absolute, and un-
conditional. She therefore, as sole devisee, took the legal
title to the real estate in question at once on the death of
the testator. Thus her right and title to the land in ques-

tion became complete at law before the commencement of this action. The probate of the will being made by statute " conclusive as to its due execution," as well in respect to real estate as personal property, and the plaintiff, as heir, having appeared in the probate proceedings, thus giving to that court complete jurisdiction, it would seem that he can no longer have any standing in an action of ejectment to try the naked legal title, unless his right to do so was in some way saved by statute. The conclusiveness of judgments of probate has often been declared, and cannot reasonably be questioned. *Archer v. Meadows*, 33 Wis. 166; Freem. Judgm. §§ 319*a*, 608.

Was the plaintiff's right to maintain this action against the devisee, notwithstanding the probate of the will, saved by statute? There is no claim that the will was ever revoked in any of the ways designated in sec. 2290, R. S. (*Will of Ladd*, 60 Wis. 190); nor that there was ever any "revocation implied by law from subsequent changes in the condition or circumstances of the testator," as therein excepted. Were it claimed that the will in question had been revoked in any of the ways mentioned in that section, or by implication of law, the question would arise whether the party alleging such revocation was not bound to avail himself of the objection in the probate proceedings, or be forever precluded from attacking the will collaterally on any such ground? According to Mr. Freeman he would. § 608. It has been held that the probate of a will could not be collaterally avoided on the ground that the will was a forgery. *Ibid.; Moore v. Tanner's Adm'r*, 5 T. B. Mon. 45; *Rex v. Vincent*, 1 Strange, 481; *Allen v. Dundas*, 3 Durnf. & E. 125; *Priestman v. Thomas*, 9 L. R. Prob. Div. 210. So it has been held that it could not be collaterally avoided on the ground that the will so admitted to probate had been procured by fraud or undue influence (*Archer v. Meadows*, 33 Wis. 167); nor that it had been revoked by the subsequent

execution of another will *(Ibid.; Davis v. Gaines,* 104 U. S. 386, and cases there cited; but see *Waters v. Stickney,* 12 Allen, 1, and cases there cited); nor collaterally impeached on any other ground *( Vanderpoel v. Van Valkenburgh,* 6 N. Y. 190); nor set aside by proceeding in chancery. *Archer v. Meadows,* 33 Wis. 166; *Colton v. Ross,* 2 Paige, 396; *Bowen v. Idley,* 6 Paige, 46; *Brady v. McCosker,* 1 N. Y. 214; *Priestman v. Thomas, supra.* But see cases cited in *Waters v. Stickney, supra,* and *Harris v. Tisereau,* 52 Ga. 153.

Where, after making his will, the testator has a child born to him for whom no provision is made therein, such child has the same share in the testator's estate as if he had died intestate, and the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it be apparent from the will that it was the intention of the testator that no provision should be made for such child. Sec. 2286, R. S.; *Bresee v. Stiles,* 22 Wis. 120; *Bowen v. Hoxie,* 137 Mass. 527; *Chicago, B. & Q. R. Co. v. Wasserman,* 22 Fed. Rep. 872; *Willard's Estate,* 68 Pa. St. 327; *Talbird v. Verdier,* 1 Desaus. 592; *Holloman v. Copeland,* 10 Ga. 79; *Potter v. Brown,* 11 R. I. 232; *Waterman v. Hawkins,* 63 Me. 156; *Evans v. Anderson,* 15 Ohio St. 324.

The claim here is that the testator omitted to provide in his will for the plaintiff, and that it "appears," from the oral evidence taken on the trial in this action, "that such omission was not intentional, but was made by mistake or accident," and hence that the plaintiff is entitled to "have the same share in the estate of the testator as if he had died intestate, to be assigned as provided in the preceding [sec. 2286] section." Sec. 2287; *Wilson· v. Fosket,* 6 Met. 400; *S. C.* 39 Am. Dec. 736; *Converse v. Wales,* 4 Allen, 512; *Doane v. Lake,* 32 Me. 268; *S. C.* 52 Am. Dec. 654; *Gifford v. Dyer,* 2 R. I. 99; *S. C.* 57 Am. Dec. 708; *Ramsdill v. Wentworth,* 101 Mass. 125; *S. C.* 106 Mass. 320;

*Buckley v. Gerard,* 123 Mass. 8; *Case v. Young,* 3 Minn. 209; *Pearson v. Pearson,* 46 Cal. 609; *Wilder v. Thayer,* 97 Mass. 439; *Hurley v. O'Sullivan,* 137 Mass. 86. The "mistake or accident," here mentioned, manifestly need not appear upon the face of the will itself, as in the preceding section. This has been held in several of the cases cited. Some have apparently held the other way, but under different statutes. *Gifford v. Dyer,* 2 R. I. 99; *S. C.* 57 Am. Dec. 708; *Wetherall v. Harris,* 51 Mo. 65; *Bush v. Lindsey,* 44 Cal. 121.

The question recurs, At what stage of the proceedings, and in what form, must such unintentional omission be made to appear? Can the heir who has reached his majority, after having appeared in the probate proceedings and allowed judgment admitting the will to probate without objection, raise the question for the first time in an action of ejectment against the devisee? It will be observed that, under each of these sections, such omitted heir is to "have the same share in the estate of the testator as if he had died intestate, *to be assigned*" "to him, as provided by law in case of intestate estates." Secs. 2286, 2287, R. S. "When any share of the estate of a testator shall be assigned," as provided in either of those sections, "the same shall first be taken from the estate not disposed of by the will, if any; if that shall not be sufficient, as much as shall be necessary shall be taken from all the devisees or legatees, in proportion to the value of the estate they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest, or other provision in the will, would thereby be defeated; in which case such specific devise, legacy, or provision may be exempted from such apportionment, and a different apportionment may be adopted, *in the discretion of the county court.*" Sec. 2288, R. S. The share of the estate which is to be assigned to the omitted child of the testator as if he had died intestate, as provided

by law in case of intestate estates, under secs. 2286, 2287, is evidently to be so assigned by an "order or judgment" of the "county court." Secs. 3940–3955. That such assignment to such omitted child is, in contemplation of the statutes, to be made by the county court, is quite apparent from other sections, which provide, in effect, that "when the estate given by any will shall be liable for the payment of debts and expenses, as mentioned in" sec. 3864, or is liable to be taken to make up the share of a child omitted from the will, as provided in sec. 2286 or 2287, "the executor shall have the right to retain the possession of the same until such liability shall be settled by order of the *county court*, and until the devises and legacies so liable shall be accordingly assigned by order of *such* court; and when the same can be properly done, any devisee or legatee may make his claim to *such court* to have such liability settled and his devise or legacy assigned to him." Sec. 3865. "All the devisees or legatees who shall, with the consent of the executor or otherwise, have possession of the estate given to them by will, before such liability shall be settled by the *county court*, shall hold the same subject to the several liabilities mentioned in the preceding section and shall be held to contribute according to their respective liabilities," etc. Sec. 3866. "The county court may, by judgment for that purpose, settle the amount of the several liabilities as provided in the preceding sections, and adjudge *how much*, and in *what manner*, each person shall contribute, and may issue execution to enforce its judgment *as circumstances may require*. The claimant may also have a remedy by *any proper* action." Sec. 3868.

The several sections of the statutes cited clearly contemplate that such after-born child, or child omitted by the testator from his will through "mistake or accident," shall have the remedies provided for in the county court. The remedies provided are in the nature of settlements and partitions be-

tween several claimants, and assignments and distributions of the estate. In case there are other heirs, or an heir, at law, besides the one omitted, there must almost necessarily be adjustment and contribution. Such remedies are necessarily equitable in their nature, and peculiarly within the province of the county court. *Brook v. Chappell*, 34 Wis. 405; *Appeal of Schœffner*, 41 Wis. 260; *Catlin v. Wheeler*, 49 Wis. 507; *Application of Wilber*, 52 Wis. 297; *Gardner v. Estate of Callaghan*, 61 Wis. 96. True, the section of the statutes last cited, also secures to the claimant "a remedy by any proper action." But the additional remedy thus secured, is, after all, limited to a "*proper* action." Ejectment does not seem to be a proper action under any circumstances. Where the only heir of the testator is a child born after making the will, or one who was unintentionally omitted therefrom through mistake or accident, and for that reason claims the entire estate of the testator, and such claimant has reached his majority and has notice of the hearing, it would seem to be eminently proper that such claim should be presented and heard at the time of the application for probate, for if the claim should be established it would work a complete revocation of the whole will, or at least the disposing parts of the will, and render it entirely inoperative as a transfer of property. The fact whether there had or had not been such revocation can more appropriately be determined at the hearing of the probate than any other stage of the proceedings. Certainly there are adjucations where portions of a will have been admitted to probate, and other portions rejected altogether. But whether the claim must necessarily be presented at that stage of the proceedings, or may be presented in the county court, or by proper action after the will has been admitted to probate, are questions not necessarily before us, and upon which we express no opinion.

In the case of *Ladd's Will*, already mentioned, a class of

cases was cited where the testator had been deceived by the legatee or devisee into the belief that he had done an act sufficient to revoke his will, when in fact he had not, and in which it was held that, although there was, under the statute, no revocation, yet, in equity, such legatee or devisee would be decreed to hold the property as trustee for the heir. 60 Wis. 192, 193. But we gave no opinion there on the subject, and give none here. In several of the cases cited the claim was made on petition in the probate court, and some of them on the hearing of the probate in the first instance, or on appeal from the judgment of probate. *Wilson v. Fosket*, 6 Met. 400; *Converse v. Wales*, 4 Allen, 512; *Doane v. Lake*, 32 Me. 268; *Gifford v. Dyer*, 2 R. I. 99; *Willard's Estate*, 68 Pa. St. 327; *Wetherall v. Harris*, 51 Mo. 65; *Holloman v. Copeland*, 10 Ga. 79. Some of the cases were in proceedings for partition or distribution. *Ramsdill v. Wentworth*, 101 Mass. 125; *Buckley v. Gerard*, 123 Mass. 8; *Guitar v. Gordon*, 17 Mo. 408; *Clarkson v. Clarkson*, 8 Bush, 655; *Waterman v. Hawkins*, 63 Me. 156; *Pounds v. Dale*, 48 Mo. 270; *Schneider v. Koester*, 54 Mo. 500; *Case v. Young*, 3 Minn. 209; *Wilder v. Thayer*, 97 Mass. 439; *Hurley v. O'Sullivan*, 137 Mass. 86. Some of the cases were on bills in equity to reach and obtain the distributive share of the claimant, or for a construction of the will, or to quiet title. *Talbird v. Verdier*, 1 Desaus. 592; *Gerrish v. Gerrish*, 8 Or. 351; *Potter v. Brown*, 11 R. I. 232; *Chicago, B. & Q. R. Co. v. Wasserman*, 22 Fed. Rep. 872; *Bowen v. Hoxie*, 137 Mass. 527; *Brush v. Wilkins*, 4 Johns. Ch. 506. One case was an action of debt upon the bond of the executor after having failed to pay as ordered by the probate court. *Waterman v. Hawkins*, 63 Me. 156. *Bresee v. Stiles*, 22 Wis. 120, was an action of ejectment brought by a devisee against the after-born children and others; and the plaintiff was defeated on the ground that the proceedings in the county court, as to the will and the estate, were

void as against the minors, for want of jurisdiction. To the same effect is *Woodard v. Spiller*, 25 Am. Dec. 139.

That the plaintiff has not mistaken his remedy and may maintain ejectment, counsel cite and rely upon *Evans v. Anderson*, 15 Ohio St. 324. That was on demurrer to the original petition to recover possession of lands. Whether the petition sought equitable relief, or was solely in the nature of ejectment, does not appear from the report; but we assume the latter. In that case the petitioner was born about five months after the death of the testator, and about two months after the will had been admitted to probate. The court expressly distinguished the case from one " where the probate of the will is to be impeached, or its validity is to be attacked, on account of a defective execution, *or on grounds that existed* and were cognizable by the court *when* it was proved. *In either case* it must be done *by direct contest.* But it must be observed that there is a wide distinction between such a case and this. This will was properly admitted to record. . . . The devisee held the title under a valid will, subject to the condition imposed by the statute that the will should become void on the birth of a subsequent child. The will was executed subject to the contingency of being avoided by the birth of a child. It was admitted to probate subject to the same contingency. The will was good until the birth of the child. If it had not been born alive, it would still be good. By his birth the will became void." It is very plain that in that case, as held by this court in *Bresee v. Stiles*, 22 Wis. 120, the probate was void as against the unborn child for want of jurisdiction. In fact, the opinion of the court in the Ohio case is an authority against the maintenance of this action. Here the validity of the will and its probate is collaterally attacked and impeached " on grounds that existed and were cognizable by the court when it was proved;" in which case it is there said, "it must be done by direct contest."

I have only found three adjudications in which actions of ejectment have been maintained in cases similar to this. *Gage v. Gage*, 29 N. H. 533; *Smith v. Robertson*, 89 N. Y. 555; *Pearson v. Pearson*, 46 Cal. 609; *S. C.* 51 Cal. 120. In the New Hampshire case the action was brought by the grantee of the omitted heir, and there were questions involved over which the probate court had no jurisdiction. Besides, there existed in that state a statute which made the will absolutely void as to a child not named or referred to in the will, and was otherwise unlike our statutes as to the remedy. In the New York case, here cited, the action was brought in the interest of a child born after the making of the will, and only a month before the death of the testator, and under a statute expressly reserving the right of action as to real estate, and otherwise unlike ours. We cannot regard either of these cases as an authority against our view of this case. In the case of *Pearson v. Pearson, supra,* cited by counsel on another point, the plaintiff was born October 10, 1850, and was the daughter of the testator and a former wife from whom he had been divorced. The testator made his will January 3, 1865, and died January 10, 1865. The will was admitted to probate, and June 4, 1866, a decree of distribution was made. The plaintiff was not mentioned in the will; and her action was commenced and tried in 1871, and before she was twenty-one years of age. The judge writing the opinion discusses the question we have been considering, and concluded: " I am, therefore, of opinion that if there was no surviving wife, or other issue of the testator than the plaintiff, she might maintain ejectment, if there be no pending administration of the estate." 46 Cal. 625. The opinion then went on to show that there was sufficient evidence that the testator left him surviving, a wife and six other children, who were the devisees in his will, and concluded that the plaintiff took title by descent, and became a tenant in common with the devisees. Page

627. The court then determined that the plaintiff was not estopped by the decree of distribution from claiming her share of the estate, because as to her it was void for want of jurisdiction over her person by reason of the failure to make the requisite service, or to give the requisite notice, or to secure the appearance of the plaintiff in the case. The cause was reversed, and on a retrial the plaintiff recovered under the statutes the undivided one-seventh of two-thirds of the demanded premises; and that judgment was affirmed on appeal. *S. C.* 51 Cal. 120.

The sections of the statutes of that state, there under consideration, were quite similar to our secs. 2286–2288; but their statutes did not seem to have the other provisions of our statutes cited; and did contain a provision that if no person, within one year after the probate of a will, contested the same, or the validity thereof, such probate should be conclusive; *saving to infants,* married women, and persons of unsound mind, a like period of one year after their respective disabilities should be removed. Wood, Dig. Cal. Stats. pp. 394, 395, § 36 (1858); Code Civil Proc. Cal. p. 352, § 1333 (1872); 2 Hittell (1876), (§ 1333), 11,333. In that case the action was commenced and tried during the plaintiff's infancy; hence, as to her, the probate was not conclusive under the statute. The difference in the statutes of that state and ours seems to be sufficient to distinguish the two cases; but were it otherwise, we should not be inclined to follow it in a case like this.

The difficulty in maintaining an action of ejectment against the devisee to try the naked legal title in a case like this, and under our statutes, seems to be manifest. The fact upon which it is sought to invalidate the will, and the probate of it, existed, if at all, at the time of making the will, and was known to the plaintiff at the time of the probate of the will. The evidence of its existence, if any, was entirely *dehors* the will and the record of its probate, and rested wholly in

parol. Independent of such evidence, the will was valid, and its probate conclusive upon the plaintiff. The fact relied upon to invalidate the will and probate was the alleged mistaken belief of the testator, at the time of executing the will, that his son was then dead. Had, the testator known at that time that his son was then living, it is claimed that he would not have made any will at all, or, at most, a different one. By reason of such parol evidence of such mistaken notion then existing wholly in the mind of the testator, it is claimed that the solemn act of dictating and executing the will, followed by the still more solemn act of proving, and then re-proving the will in the presence of the plaintiff, and the adjudication of probate remaining unimpeached, are each and all to be treated as absolutely null and void, even when the question arises collaterally in an action at law to try the naked legal title. But wherein is such mistaken notion in the mind of the testator at the time of executing the will more vicious and effectual against the judgment of probate than a misconception or false belief in the mind of such testator as to the friendship or enmity or overt acts of some of his children, induced by the fraud or undue influence of a devisee or legatee at or prior to the time of making the will? Yet as to such questions as this, this court has held the probate is conclusive against any collateral attack.

As we have seen, other courts have gone still further, and held the probate conclusive against any collateral attack as to the forgery of the will or the existence of a later will, or any of the enumerated grounds of revocation. To allow such omitted child to take under the statutes of descent, when the testator has, by will in form, disposed of all his estate, both real and personal, and such will has been admitted to probate, so that the devisee's right to the land has become as complete at law as a conveyance to him from the testator would have been, there must necessarily be a

Newman vs. Waterman, imp.

partial or absolute revocation of both the will and the probate. If this can be done at all in a case like this, where the will has been admitted to probate,— of which we express no opinion,— it would seem that it should be done in some direct proceeding, or proceeding calling into exercise the equitable powers of the court, and not by collateral attack in an action at law to try, the naked legal title. *Holden v. Meadows,* 31 Wis. 284; *Archer v. Meadows,* 33 Wis. 166; *In re Estate of Holden,* 37 Wis. 98; *Waters v. Stickney,* 12 Allen, 1; *Richardson v. Hazelton,* 101 Mass. 108; *Harris v. Tisereau,* 52 Ga. 153; *McArthur v. Scott,* 113 U. S. 340, and cases there cited.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

Upon a motion for a rehearing counsel for the respondent urged, *inter alia,* that a child omitted from his father's will by mistake or accident does not take as devisee under the statute (sec. 2287, R. S.), but by descent as heir, and hence may maintain ejectment. *Smith v. Robertson,* 24 Hun, 210; *S. C.* 89 N. Y. 555; *Rockwell v. Geery,* 4 Hun, 611; *S. C.* 6 Sup. Ct. (Thomp. & C.), 687; *Sanford v. Sanford,* 61 Barb. 295; *Mitchell v. Blaine,* 5 Paige, 588; *Plummer v. Murray,* 51 Barb. 201. Admitting a will to probate establishes merely the sufficiency of its execution. *Fallon v. Chidester,* 46 Iowa, 588; *Ware v. Wisner,* 4 McCrary, C. C. 66; Tyler on Ejectment, 506.

The motion was denied September 22, 1885.