Moon, Appellant, vs. Estate of Evans, Respondent.

*October 17 — November 1, 1887.*

WILL: *Opening by court, to give share to child unintentionally omitted.*

A court of this state cannot, under sec. 2287, R. S., open the will of a testator to admit a child not provided for therein to his full share of the estate, unless the evidence clearly shows that his omission therefrom was not intentional, but was the result of accident or mistake.

APPEAL from the Circuit Court for *Iowa* County. The case is stated in the opinion.

For the appellant, *J. P. Smelker* and *J. M. Smith* argued that the verdict of the jury against the appellant was contrary to the uncontradicted evidence. That shows that the

testatrix, by the instructions first given for drawing her will, intended to give a portion to the appellant; that she was dissatisfied with it as drawn and intended to change it and give him the largest share; and that she supposed the will was broken by her afterward conveying away a portion of the land. The omission of any provision for the appellant was therefore the result of accident or mistake as defined by 1 Story, Eq. Juris. secs. 78, 99, 109, 110. The evidence also shows that the verdict of the jury was based upon a mistake as to a material provision of the will. The question whether the omission was intentional was one for the jury, and should have been left to them, unembarrassed by any instruction as to presumptions. *Saylor v. Plaine*, 1 Am. Rep. 34; 31 Md. 158; *Somervail v. Gillies*, 31 Wis. 152; *Dunbar v. McGill*, 31 N. W. Rep. (Mich.) 578; *Van Buren v. Cockburn*, 14 Barb. 118.

For the respondent there was a brief by *A. McArthur*, and *Reese & Carter*, and oral argument by *George B. Carter*. They contended that it was a presumption of law that the omission was intentional. *Case v. Young*, 3 Minn. 209. There is nothing in the evidence to show that the omission was by accident or mistake. The question was fairly submitted to the jury, and their verdict sustained by the court, and it should not be disturbed unless clearly against the weight of the evidence.

Orton, J. The petition of the appellant in the county court was made under sec. 2287, R. S., which reads as follows, to wit: " When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate, to be assigned as provided in the preceding section "— which is,

that "it shall be assigned to him as provided by law in case of intestate estates." The will of Mary Ann Evans, deceased, was executed October 8, 1883. She died February 17, 1885, and it was admitted to probate May 4, 1885. She was the mother of the petitioner, und she entirely omitted him in her will, and provided for the others of her children, except Harriett Rogers, and for her husband, by various devises and legacies. The county court found against the petitioner, and upon appeal to the circuit court, the jury in that court found "that Mary Ann Evans did not unintentionally omit her son *William* [the appellant] from her will; in other words, did intend when she made the will, that *William* should have none of her property after her death." From the judgment of the circuit court so determining, this appeal is taken.

The only question is one of fact, and from an examination of the evidence we cannot say that the jury did not decide correctly. It seems from the evidence that the daughter of the testatrix, Harriett Rogers, had been amply provided for by her mother in her life-time, before making her said will.

*William H. Moon*, the petitioner and appellant, was sentenced, in the state of Illinois, to the Joliet penitentiary for life, for murder, the 18th day of November, 1873, and was pardoned after the death of his mother, May 18, 1885. It appears from the evidence, also, that his mother had made every effort possible to defend him, and to secure his pardon, and at a very great expense, which she complained of as having ruined, or nearly ruined, her, and which was much more than his equal share in her estate. It appears, also, that she intended to change her will "if *William* got his freedom," and that she said at one time that she intended to will *William* something, and if *William* never got his freedom, she was going to have her property willed so that it would come back to the rest of the heirs. This is very strong evidence that the testatrix intended to give

the petitioner nothing by her will, and that she omitted him intentionally from her will. The testimony of Mr. Smelker only shows that she wished her estate that was willed to her husband, to come back *to her heirs or children*, except her daughter Harriett, after his death. This was her direction to him in drawing the will, and he did not know that she had a child named *William*, and he drew it accordingly. The testimony of Mr. Smelker is not liable to any criticism, and appears to have been fair and honorable. But this testimony would not weigh against the fact that he read the will over to her after it was drawn, and she made no objections to it, and she was a competent business woman. She must be presumed to have known what was in, and what was omitted from, her will. There is not a particle of evidence that the omission of the petitioner from her will was made "by mistake or accident," or that it was not intentional. The testatrix evidently omitted the petitioner intentionally. She probably supposed that he was doomed to suffer imprisonment for life, and would need none of her estate, and that at any rate, he had already received the benefit of the largest portion of it in expenses to obtain his pardon.

The evidence is all one way, and that against the petitioner. However great the hardship, and however much we may sympathize with the petitioner, after he has been pardoned on the ground of his innocence, to be in this manner excluded from the generous provisions of his mother's will, neither the courts below, nor this court, can open her will to admit him to his full share as one of her heirs, unless the evidence shows that his omission from her will was not intentional, but was made by mistake or accident, and this the evidence falls far short of showing.

*By the Court.*—.The judgment of the circuit court is affirmed.