WILL OF KURTH: BECKER, Appellant, vs. KURTH and another, Respondents.

*October 15—November 10, 1942.*

The cause was submitted for the appellant on the brief of *Schloemer & Stoltz* of West Bend, and for the respondents on the brief of *Patzer & Bast* of Milwaukee.

ROSENBERRY, C. J.    Charles Kurth died in the city of Milwaukee on the 23d day of December, 1916.    Ten days before his death he made his will.    He left surviving him his widow and four children and one granddaughter, the petitioner, Viola Krueger, the daughter of a deceased daughter, Martha Krueger.    At the time of her grandfather's death, the petitioner was twelve years of age.    The decedent left an

estate valued 'at approximately $15,000, consisting mostly of real estate.

The will was admitted to probate on the 8th day of February, 1917. In the proceeding leading up to the probate of the will, William Churchill, Esq., of the Milwaukee bar, was appointed guardian *ad litem* of the petitioner, and appeared as such. On November 30, 1917, the executors filed their final account, the inheritance tax was determined, and on the 10th day of May, 1923, a judgment construing the will was duly entered by the county court, and by that judgment it was determined that the decedent had devised his real estate absolutely to his four children subject to the life estate of his widow, Lena Kurth. During her lifetime the widow received the net income of the estate. Her death took place on May 14, 1941. On July 16, 1941, the executors filed their final accounting and petition for assignment of the assets of the estate in accordance with the will. On October 15, 1941, Viola Becker filed her petition. Hearing was had, and from the order denying the petition, petitioner appeals. No provision for the petitioner having been made by the grandfather's will for her, petitioner bases her claim for a share of his estate upon the provisions of sec. 238.11, Stats., which provides:

"When any testator shall omit to provide in his will for any of his children or for the issue of any deceased child, and it shall appear that such omission was not intentional but was made by mistake or accident, such child or the issue of such child shall have the same share in the estate of the testator as if he had died intestate, to be assigned as provided in section 238.10."

Sec. 238.10, Stats., relates to after-born children and provides that an after-born child shall take as if the testator died intestate—

"unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child."

It is considered that this case is ruled by *Newman v. Water-man* (1885), 63 Wis. 612, 613, 23 N. W. 696. It appeared in that case that one Solomon W. Newman died testate. By his will he devised the land in question to his stepdaughter, Delia E. Waterman, thus disinheriting his son and only heir at law, Orville. The will was offered for probate in the county court of Clark county, and from the decree establishing the will, Orville F. Newman appealed to the circuit court. The disposing part of the Newman will was as follows:

"After the payment of all my just debts and funeral expenses, I give, devise, and bequeath to my stepdaughter, Delia E. Waterman, all the rest, residue, and remainder of all my estate, both real and personal."

The case was retried in the circuit court and the judgment of the county court was affirmed. The son, Orville, then commenced an action in ejectment in the circuit court against Delia E. Waterman, sole devisee, claiming title under sec. 2287, now sec. 238.11, Stats. Upon the trial of the ejectment action the jury found, (1) that at the time when Solomon W. Newman made his will he did not understand that his son Orville might be alive; (2) understanding that his son Orville might be alive, he would not have made the will as he did make it. The jury also found a general verdict for the plaintiff. The plaintiff had judgment upon the verdict, he being the only surviving heir at law of the deceased Solomon W. Newman.

From the judgment so rendered, the defendant appealed to this court. The question considered by this court upon the appeal was the effect of the judgment in the county court establishing the will upon the judgment in ejectment in favor of the plaintiff rendered in the circuit court. The matter was thoroughly considered, and among other things, the court said (pp. 625, 626):

"The fact upon which it is sought to invalidate the will, and the probate of it, existed, if at all, at the time of making the

will, and was known to the plaintiff at the time of the probate of the will. The evidence of its existence, if any, was entirely *dehors* the will and the record of its probate, and rested wholly in parol. Independent of such evidence, the will was valid, and its probate conclusive upon the plaintiff. The fact relied upon to invalidate the will and probate was the alleged mistaken belief of the testator, at the time of executing the will, that his son was then dead. Had the testator known at that time that his son was then living, it is claimed that he would not have made any will at all, or, at most, a different one. By reason of such parol evidence of such mistaken notion then existing wholly in the mind of the testator, it is claimed that the solemn act of dictating and executing the will, followed by the still more solemn act of proving, and then reproving the will in the presence of the plaintiff, and the adjudication of probate remaining unimpeached, are each and all to be treated as absolutely null and void, even when the question arises collaterally in an action at law to try the naked legal title. . . .

"To allow such omitted child to take under the statutes of descent, when the testator has, by will in form, disposed of all his estate, both real and personal, and such will has been admitted to probate, so that the devisee's right to the land has become as complete at law as a conveyance to him from the testator would have been, there must necessarily be a partial or absolute revocation of both the will and the probate. If this can be done at all in a case like this, where the will has been admitted to probate,—of which we express no opinion,— it would seem that it should be done in some direct proceeding, or proceeding calling into exercise the equitable powers of the court, and not by collateral attack in an action at law to try the naked legal title."

In this case the petitioner does not attack the decree of the county court establishing the will. She proceeds upon the theory that the execution and probate of the will had no effect upon her rights under the statute. That theory is sustained by the decisions of some courts, among others, that of California. This state, however, has clearly adopted a different rule. While there is a conflict of authority upon the subject, after an examination of the authorities, we see no reason for overruling *Newman v. Waterman, supra.*

In some states it is held that whether the pretermitted child was omitted intentionally or by mistake or accident must be determined from the face of the will. That is the rule in the state of California. In this state it is held that whether the omission was intentional or due to mistake or accident is determined upon evidence. *Moon v. Estate of Evans* (1887), 69 Wis. 667, 35 N. W. 20; *Newman v. Waterman, supra.*

In this case it appears that the petitioner was represented by able counsel, and although the record does not disclose that the matter now sought to be litigated was presented to the county court at the time the will was probated, there may have existed ample reason why the guardian *ad litem* did not present it. There is no allegation in the petition nor is there any evidence that the guardian *ad litem* failed in any respect to perform his full duty. Even though the matter was closed by the probate of the will in the county court of Milwaukee county, the court heard evidence upon the petition in this case, and from that evidence the court found among other things,—

"that there is no evidence showing that the omission of the petitioner [Viola Becker] from decedent's will was made by mistake or accident."

From this it would seem that even if the order admitting the will to probate had been directly attacked, that the attack would not have been successful. The evidence offered and received upon the hearing admitted of no other finding than that made by the court. Upon both grounds the order is affirmed.

*By the Court.*—Order affirmed.